## G. HOLTZMAN *v.* L. MILLAUDON.

A legal agreement is a concurrence of two minds upon the object, and consideration of a contract The will of both parties must unite on the same point.

A claimant must establish his claim with legal certainty. It is not enough that he make it probable.

APPEAL from the Second District Court of New Orleans, *Whitaker*, J. *Fellows & Mills*, for plaintiff. *Durell* and *Dufour*, for defendant and appellant.

HOWELL, J. Plaintiff claims from the defendant the sum of $5,200, as balance due, under a special agreement, in the sum of $5,550, for services as engineer, in repairing and superintending the repairs of the machinery of two plantations, "Estelle" and "Front," in the parish of Jefferson, belonging to defendant, being $3,300 for the "Front" (of which, $350 is admitted to be paid), and $2,250 for the "Estelle" plantation. The agreement is alleged to have been made about the 1st of April, 1861, and the contract completed by the 12th November, same year.

Defendant pleaded the general issue, and judgment was rendered in favor of plaintiff for the sum of $4,650, the exact amount of the contract, in the opinion of the Judge *a quo*, not having been shown, but that it exceeded the sum of $5,000, which amount he adopted, deducting the $350 paid on account, from said sum of $4,650.

The case rests solely upon facts, and, after a careful review of the evidence, we are unable to concur in the conclusion of our learned brother of the District Court.

It will be observed that the plaintiff sets out, with great particularity, the work to be done, and the price to be paid on each plantation. Only one witness was present, when the alleged agreement was made; and his testimony is too general and indefinite in its character, and insufficient in law, to establish the contract declared upon. He testifies only to general remarks of the parties about doing a job, of which they had previously been talking: "the repairing of some machinery on the two plantations." He does not describe the work, or fix the price. True, he says, the price was to be over $5,000; how much over, he does not say. We are unable, from his testimony, to ascertain what kind and amount of work plaintiff was to perform, or what remuneration he was to receive. A legal agreement, a concurrence of two minds upon the object and consideration of the contract, is not shown; and, without this, there is no contract which can be enforced as demanded. "The will of both parties must unite on the same point."

The testimony upon the demands made of defendant does not remove the uncertainty nor show corroborating circumstances to complete the sufficiency of the evidence. It does not enable us to determine whether the work was done under a quantum meruit, or a special contract. A plaintiff must establish his claim with legal certainty. It is not enough that he make it probable. The application of this principle is appropriate

here, as the record shows the significant fact that the plaintiff was, at the time the alleged contract was made, and had been, for months, in the employment of defendant, as an engineer, at the rate of $100 and $135 per month, while the contract sued on makes his computation for his individual services only considerably over $700 per month; $5,550 for the labor of about seven months. Some of the witnesses say he completed the repairs on the machinery about the end of October, and he begun them in the early part of April, of the same year.

We are clearly of the opinion that plaintiff has failed to make out his case.

It is therefore ordered that the judgment of the lower Court be avoided and reversed; and that there be judgment in favor of the defendant, as in case of nonsuit, with costs in both Courts.