## KNIGHT v. COOLEY.

Vendor and vendee; CONTRACT: CORRESPONDENCE. Where a letter is addressed to another, inquiring if he is the owner of certain real estate and the price thereof, to which he responds, stating the price at which he holds it, such response will not be construed as a proposition of sale.

*Appeal from Delaware District Court.*

FRIDAY, JUNE 7.

ACTION at law to recover damages for the breach of an alleged contract for the sale and conveyance of certain real estate. The contract, as claimed by plaintiff, was made by correspondence between the parties, the plaintiff being in Dubuque, and the defendant in Washington city. The negotiation was commenced by plaintiff writing to defendant in May, 1866; the precise terms of this letter do not appear in the evidence, at least the parties do not agree as to its contents. The letter itself, having been lost, was not in proof. The defendant, in his evidence, made the following statement of its contents: " The letter of Knight asked me two questions: If I was the owner of the south two-fifths of lot 469, and if so, what was the price of the same? This is all there was in it." The plaintiff testified in regard to the same letter as follows: " I can't give the exact words I used; could not pretend to do that. My recollection is, that in my letter to Cooley I asked him whether he was the owner of the south two-fifths of lot 469, in city of Dubuque, and asking him what he would sell them for, and I think I said to him to name his lowest cash price, and that I would let him know at once whether I would accept or not."

To this letter defendant replied as follows:

" WASHINGTON, *May* 18, 1866.

" FRIEND KNIGHT. — Yours is received. The lots are so incumbered it would be difficult to make title at once. Price, $1,700 and $1,500, net, and cheap.

" Truly,     D. N. COOLEY."

Plaintiff's reply is in this language:

"DUBUQUE, *May* 22, 1866.

"Hon. D. N. COOLEY, Washington.

"DEAR SIR:—Yours of the 18th inst. is at hand. I will take the lots on the terms proposed by you in it, and herewith send you draft for $100 on account of the bargain. The balance of the money is ready, and will be paid immediately on good, clear title being made. I wish you would proceed to have the title made at your earliest convenience.

"Yours,      W. J. KNIGHT."

The draft sent in this letter was returned, or offered to be returned, to plaintiff within a short time after its receipt. ·

The court instructed the jury as follows:

"I. Taking either plaintiff's or defendant's statement of the contents of plaintiff's first letter to defendant to be true, that letter, together with defendant's letter of May 18, 1866, and plaintiff's letter of May 22, 1866, constituted a contract on the part of defendant to convey, at some future time, to plaintiff the lots in question, at the price of $3,200." Other instructions were given to the jury, and certain instructions asked by defendant were refused. As no consideration is given them in the opinion, they need not be more particularly referred to.

There was a verdict and judgment for plaintiff. Defendant appeals.

*De Witt C. Cram* and *H. B. Foulke* for the appellant.

*J. M. Griffith* for the appellee.

BECK, Ch. J. — I. The instruction given by the court to the jury, to the effect that the correspondence, taking either the statement of plaintiff or defendant as to the contents of plaintiff's first letter, constituted a contract, is

erroneous. Defendant's evidence is to the effect that the letter simply inquired if he was the owner of the property, and the price thereof. It made no proposition to purchase, named no purchaser, and, in fact, contained nothing which could have been so understood. The answer to this letter simply states a price which defendant regards as "cheap," and the fact that it would be difficult to make a title at once. We do not understand the letter to contain a proposition to sell the lots. The mere statement of the price at which property is held cannot be understood as an offer to sell. The seller may desire to choose the purchaser, and may not be willing to part with his property to any one who offers his price. We regard the correspondence, taking it as given in defendant's testimony, so far as it goes, as amounting, on defendant's part, simply to a negotiation, and not to a binding offer. It required the acceptance by him of the offer contained in plaintiff's last letter to create a binding contract.

II. If plaintiff's first letter is to be regarded as an offer to purchase, or as calling upon defendant for an offer to sell, it can be understood in no other way than as offering an immediate purchase or requiring an offer for an immediate sale. Defendant must have so understood it. His answer explicitly states the title to the property could not be made at once without difficulty. It is plain that he does not contemplate an immediate sale, and that he, therefore, does not assent to the proposition to purchase, or make such an offer of sale as was called for by plaintiff's letter, namely, an offer to sell immediately. The second letter of plaintiff is a proposition to purchase and pay for the property, not at once, but when the title can be made. This was a different proposition from the one made in defendant's letter (if the last be regarded as a proposition at all), and to be binding must be accepted by defendant. But there is no evidence of acceptance, and a contract has not, therefore, been established.

Other facts in the case, and other points made, do not demand consideration.

The judgment of the district court is

Reversed.