DE RODRIGUEZ (UNITED STATES v.). See Case No. 14,950.

DERRINGER (PETTIBONE v.). See Case No. 11,043.

DERRY v. HERSEY. See Case No. 2,388.

DERRY MILLS, Ex parte. See Case No. 7,015.

---

## Case No. 3,819.

### DESHON v. FOSDICK et al.

[1 Woods, 286.][1]

Circuit Court, D. Louisiana. Nov. Term, 1872.

CONTRACT BY CORRESPONDENCE—AGREEMENT FOR CHARTER OF SHIP—WARRANTY.

1. Where parties are in treaty by letter and telegraph to make a contract, there must be a distinct offer on one hand and an acceptance of it on the other, showing a concurrence of the minds of the parties upon all the terms of the contract before either party is bound.

2. A., in Boston, was in correspondence with B., in New Orleans, in reference to the chartering of a ship to B. to carry freights from New Orleans to Europe, and represented that the ship would sail from Boston for New Orleans on a day certain. Held, that the representation amounted to a warranty that the ship should sail on that day. The ship did not sail for two days after the time fixed; therefore, B. was not bound.

[Cited in Goulding v. Hammond, 49 Fed. 445.]

Jury waived and cause submitted to court on facts and law.

Thomas Hunton, for plaintiff.

L. Madison Day and J. R. Beckwith, for defendant.

WOODS, Circuit Judge. The petition alleges, that on March 10, 1871, the ship E. Sherman, then lying in the port of Boston, was chartered by plaintiffs, who were the owners, to defendants for the purpose of transporting cotton from the port of New Orleans to some European port, at a rate of freight agreed upon. That in pursuance of the contract, the ship sailed for New Orleans, and arrived on the 12th day of April. That on her arrival she was accepted by the defendants, but on April 19, they repudiated the contract and declared they would not accept, and would not receive the ship. The plaintiffs aver, that by reason of the premises, they have been damaged in the sum of $6,793.73, with interest, from judicial demand, for which they ask judgment.

The defendants plead: 1. A general denial. 2. That they did by letter and tele-

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

grams agree to charter said ship on the understanding and representation that she would sail from Boston on Wednesday the 8th day of March, 1871, but that she did not sail for several days after that time and that as soon as defendants were advised of that fact they gave notice to plaintiff, Wm. Deshon, who was master of said ship before she was tendered to them under said charter party, that they were not bound to take her under said charter party, and no tender was thereafter made to defendants.

The evidence in the case establishes these facts: On the 9th of March, 1871, the defendants telegraphed from New Orleans to Howes, Ryder & Co., in Boston, the agents of plaintiffs, as follows: "Shall we close Sherman; Liverpool; three farthings; Havre, 1 1-2, Continent, 13-16." On the 10th of March the foregoing dispatch was answered by Howes, Ryder & Co., as follows: "Close Sherman. three farthings Liverpool; 13-16, Continent; full cargo." On March 10th, after the receipt by defendants of this dispatch and before it was answered by them, defendants received a letter written by Howes, Ryder & Co., on the 6th of March, in which they say "Our ship E. Sherman will sale on Wednesday for your port. We have given our captain letters of introduction to your house, and if he is not chartered before he arrives, hope you will look after him immediately and offer him some good business. He has given me authority to close him at three quarters Liverpool. At any time you can offer her that before he arrives, please let us hear from you and we hold the opportunity to accept the first offer made at those rates from any house;" etc. After the receipt of this letter and of the telegram of Howes, Ryder & Co., of the 10th of March above given, and on the evening of that day the defendants sent the following telegram to Howes, Ryder & Co.: "Sherman closed. Liverpool, three farthings; Havre, one and a half, or Continent, thirteen sixteenths."

It is further shown by the testimony of the defendant Fosdick that had he not received on the 10th the letter of Howes, Ryder & Co., advising him that the Sherman would sail for Boston on the 8th of March he would not have sent his telegram of that date closing the contract chartering the ship.

The pleadings and evidence present two questions for decision.

The first is, Did the telegram of defendants of the 9th of March and the reply thereto of Howes, Ryder & Co., of the 10th, complete and conclude the contract of the parties? A negative answer must be given to this question. The telegram of the 9th was an inquiry to which the telegram of the 10th was an answer. It meant simply, "Will you charter your vessel on the terms named?" The answer is in effect an affirmative reply. This does not make a contract until the defendants have sent another dis-

patch accepting that ship on the terms specified. But it is to be observed that the terms in the answer of Howes, Ryder & Co., do not correspond with the inquiry propounded in the telegram of defendants. They inquire, "Shall we close Sherman, Liverpool, three farthings; Havre, one and a half; Continent, thirteen-sixteenths?" In the answer of Howes, Ryder & Co., nothing is said about the rates to Havre, and the words "full cargo" are added. So that by the passage of these two telegrams the minds of the parties had not concurred upon the terms of the contract. A second dispatch from defendants was necessary to complete the contract, and this was sent on the night of March 10, after the reception by defendants of the letter of Howes, Ryder & Co., dated March 6.

Other questions to be determined are, did the statement, made in the letter of the 6th, that the Sherman would sail on the 8th, form a part of the contract? and, if it did, was it a mere representation, or was it a condition precedent?

I can see no reason why the element by which the date of the sailing of the ship was fixed should be excluded from the contract any more than the rates of freight. Howes, Ryder & Co. were corresponding with defendants, both by letter and telegram, in reference to the chartering of the ship. Before defendants finally closed the contract, they had before them the telegram of Howes, Ryder & Co., fixing the rates of freight, and their letter naming the day when the ship would sail from Boston. It is fair to presume that both operated on the mind of defendants in inducing them to charter the ship, and the express testimony is, that such was the fact. We may then conclude that the sailing of the ship on the 8th of March was a part of the contract.

But was it a condition precedent? Did it amount to a warranty that the ship should sail on the day named? This question appears to be settled by the case of Lowber v. Bangs, 2 Wall. [69 U. S.] 728, and the cases cited in the opinion of the court. In that case it was held, "that a stipulation in a charter party that the chartered vessel, then in distant seas, should proceed from one port named to another port named with all possible despatch, is a warranty that she will so proceed, and goes to the root of the contract; it is not a representation simply that she will so proceed, but a condition precedent to the right of recovery." In Glaholm v. Hays, 2 Man. & G. 257, cited by counsel, and referred to by the court in Lowber v. Bangs [supra], the language of the charter party was, "the vessel to sail from England on or before the 4th of February next," and this was held to be a condition precedent. In Ollive v. Booker, 1 Exch. 416, the vessel was described as "now at sea, having sailed three weeks ago," and it was held that the time at which the vessel sailed was mate-

rial, and the statement in the charter party amounted to a warranty. See, also, Oliver v. Fielden, 4 Exch. 135; Croockewit v. Fletcher, 1 Hurl. & N. 912; Behn v. Burness, 8 Law T. [N. S.] 207, April, 1863.

Holding, therefore, that the statement made by Howes, Ryder & Co., the agents of the owners, in their letter of March 6, that the Sherman would sail on the 8th, entered into the contract of the parties and amounted to a warranty, and there being no dispute of the fact that she did not sail until the 10th, I am of opinion that plaintiff has shown no case for a recovery, and that there must be a finding and judgment for costs in favor of defendants.