## U. L. PATTON, Appellant, v. E. C. ARNEY.

**Completed Contract.** Plaintiff inquired the price of certain steers. Defendant wrote that he could "not give a close price on account of not seeing them for a while, that they ought to be worth $4.25 per hundredweight, and to go see them." *Held,* that there was no offer for plaintiff to accept, so as to bind the defendant.

**UNDERSTANDING OF PARTIES.** Code, section 3652, providing that, "when the terms of an agreement have been intended in a different sense by the parties, that sense is to prevail against either party in which he had reason to suppose the other understood it," is not applicable to such case.

*Appeal from Marshall District Court.*—HON. D. R. HINDMAN, Judge.

### SATURDAY, OCTOBER 12, 1895

Action at law to recover damages alleged to have been sustained by the plaintiff in consequence of a breach of contract on the part of the defendant. A demurrer to the petition was sustained, and judgment was rendered in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*B. I. Salinger* for appellant.

*Binford & Binford* and *J. L. Carney* for appellee.

Robinson, J. The allegations of the petition are substantially as follows: On or about the eleventh day of January, 1893, the plaintiff wrote to the defendant a letter in which he expressed a desire to buy a car

load of steers then owned by the defendant, and kept
by him near Manning, and asked him to fix a price for
them.   In answer the defendant wrote a letter of which
the following is a copy:   "Albion, Iowa, Jan. 12, 1893.
Patton—Sir:   I could not give you a close price on the
steers, on account of not seeing them for a while, but
they ought to be worth $4.25, and me drive to town and
weigh.   Go see them.   Yours, C. E. A."   In response
to that, the plaintiff, on the seventeenth day of January,
wrote the defendant a second letter, in which he stated
that he had been to see the steers; that he would pay
four dollars and twenty-five cents per hundredweight
for them; and that the defendant might drive them to
town and have them weighed.   On the nineteenth day of
January, the defendant acknowledged receipt of that
letter, stated that there had been no bargain with the
plaintiff, and that the cattle had been sold.   The peti-
tion further states that the plaintiff, by his letters, fully
intended to make an unqualified purchase of the steers;
that he fully believed that the first letter of the defend-
ant proposed definite terms of sale, and that the letter
in response thereto was intended to complete the pur-
chase on the terms of the defendant's letter; that the
defendant fully understood and believed that the plaint-
iff, by his letter, intended to purchase the steers, and that
he regarded the defendant's offer made in his first letter
as a definite offer to sell on the terms stated therein,
and that the defendant knew when he wrote his last
letter that the plaintiff intended at the time to purchase
the steers; that the defendant himself believed and con-
strued the correspondence to mean a valid sale to the
plaintiff; that his representation that he had sold the
cattle before receiving the plaintiff's acceptance was
false.   The petition also states that the cattle were
worth three hundred dollars more than their price at
four dollars and twenty-five cents per hundredweight,
and demands judgment for that amount.   The grounds

of the demurrer are, in substance, that the facts stated in the petition do not show that an agreement for the sale of the steers had been made. The demurrer admits only the facts which are well pleaded, and not statements of belief and inferences not warranted by such facts.

The first letter of the plaintiff was one of inquiry to ascertain the price at which the steers would be sold, and to inform the defendant that the plaintiff desired to purchase them. The answer of January twelfth did not contain a definite proposition to sell. On the contrary, it showed clearly that the defendant did not know what price to fix. The statement "but they ought to be worth four dollars and twenty-five cents, and me to drive them to town and weigh," did not fix a price at which a sale would be made, but was in the nature of an expression of opinion as to what the steers were worth. Therefore, there was no offer for the plaintiff to accept, and the statements of the petition in regard to the intention and belief of the parties is immaterial. The negotiations were wholly in writing, and show that the defendant did not make a definite offer of sale; that he did not intend to do so by what he wrote; and that the plaintiff did not have sufficient ground for believing that an offer had been made. The case does not fall within the provision of section 3652 of the Code. That provides that, "when the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in the sense in which he had reason to suppose the other understood it." That applies to an agreement actually made, and not to mere negotiations for one. As the defendant had made no offer to sell, it is immaterial for the purposes of this case whether his statement of January nineteenth that he had sold the steers was true or false. We conclude that the demurrer was properly sustained, and the judgment of the district court is *affirmed*.