GEORGE R. SELLERS, Admr., *vs.* MARGARET V. WARREN, et als.

Knox.     Opinion October 22, 1917.

*Contracts. Options. Necessary language to constitute an acceptance of offer.
Meaning of phrase "would not consider less than half."*

The plaintiff, as administrator of Elsie A. Sellers, deceased, brings this action of assumpsit against the defendants Margaret V. Warren and Mary Gould for the recovery of one-half of eleven thousand dollars, or fifty-five hundred dollars, which he alleges the defendants agreed with Elsie A. Sellers, in her lifetime, should be paid to her upon sale of certain real estate. The case is reported.

Where in the negotiation of a contract one party rejects an offer of the other adding the words "would not consider less than half," the words added are not to be taken as an outright offer upon the part of the latter to sell for one-half.

The words "would not consider less than half" are equivalent to saying that the party using them will consider, think or reflect upon an offer of one-half, if made. The words are appropriate to the invitation rather than to the proposal of an offer.

Action on the case.　Plea of general issue filed.　At close of testimony case was reported to Law Court upon the evidence as presented, the Law Court to settle the rights of the parties.　Judgment for defendant.

Case stated in opinion.

*A. S. Littlefield,* for plaintiff.

*R. I. Thompson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

BIRD, J.　The plaintiff, as administrator of Elsie A. Sellers, deceased, brings this action of assumpsit against the defendants Margaret V. Warren and Mary Gould for the recovery of one-half of eleven thousand dollars, or fifty-five hundred dollars, which he alleges the defendants agreed with Elsie A. Sellers, in her life-time, should be paid to her upon sale of certain real estate.　The case is in this court upon report.

The plaintiff, individually, and his intestate and the two principal defendants, Mrs. Warren and Mrs. Gould, were all interested in a certain parcel of real estate in Rockland, known as the Estabrook property.

The parties claim interest therein under an item of the will of Caroline H. Estabrook which is as follows:—

"I give, devise and bequeath to my sister, Elsie A. Sellers, my homestead on Pleasant Street, in said Rockland, and all that is therein contained with the right to make such disposition of the articles of personal property as she may desire, to have and to hold the said homestead during her natural life.　After her death the said homestead is to revert to Margaret V. Warren and her daughter, Mary E. Gould before mentioned, or the survivor of the two.　If the said Margaret V. Warren and Mary E. Gould should both die before the said Elsie A. Sellers, then at the death of the said Elsie A. Sellers, the homestead shall vest in my nephew, George R. Sellers, of South Weymouth, Massachusetts."

Early in the year 1916 a railroad corporation sought, through S. T. Kimball, Esq., an attorney-at-law authorized to act for it as trustee, to purchase this property for station purposes, offering the consideration of eleven thousand dollars.　Miss Sellers accordingly gave to Mr. Kimball as trustee, a written option to purchase the property for

the sum mentioned. The option by its terms was to expire on the first day of July, 1916. The agreement was evidently prepared for all the parties in interest to join in its execution. Miss Sellers did, under date of May 16, 1916, execute the original and copies or duplicates of the agreement or option were sent to Mrs. Warren and Mrs. Gould, but apparently were never executed. The plaintiff, before the option was prepared, had declared himself to be willing to take whatever action Miss Sellers might desire.

Correspondence by letter was at once opened by E. K. Gould, Esq., acting as attorney for Miss Sellers, with the principal defendants for settlement of the terms on which they would become parties to the conveyance contemplated by the option. Various offers, counter-offers and refusals had been made, when on June 21, 1916, and there-after the correspondence was conducted by telegraph as appears from the following telegrams:

"June 21, 1916.

To MARGARET V. WARREN,
        518 Clay St., Portland, Oregon.

Miss Sellers finally persuaded offer you both four thousand. This her best offer. If declined option withdrawn sale abandoned station to be relocated on Park Street. Company will not buy unless four devisees sign deed.   .   .   .   .

E. K. GOULD."

"Seattle, Washn. 7 P. M. June 24 1916.

E. K. GOULD,
        Rockland, Maine.

Cannot accept Sellers offer would not consider less than half

MARGARET V. WARREN.

"June 29, 1916.

To MARGARET V. WARREN
        518 Clay Street
        Portland, Oregon.

Sellers accepts your offer of equal division deed following by mail.

                                        E. K. GOULD."


"July 5, 1916.

Miss Sellers died July fourth option expired July first.   May be able to sell for you Eleven Thousand if we act quickly    Wire

                                        E. K. GOULD."


to which Mrs. Warren evidently replies:—


"Portland, Oregon July 5, 1916.

E. K. GOULD,
    Rockland, Maine.

        Will sell at once, will both sign.

                            MARGARET V. WARREN."


Subsequently Mrs. Warren and Mrs. Gould conveyed the property to the railroad corporation, receiving the consideration of eleven thousand dollars.

The court is forced to conclude that the telegram of June 24, 1916, does not, as claimed by plaintiff, contain an offer on the part of defendant Warren.   "Would not consider less than half" is not to be taken as an outright offer to sell for one-half.   In *Lake* v. *Ocean City,* 62 N. J. L., 160, 162, it is said that consider "means to think with care upon a matter."   To the same effect is *Halleck* v. *Lebanon,* 215 Pa. St., 1, 5; See *Crocker* v. *Trevett,* 28 Maine, 271, 274; *Mason* v. *Rowe,* 16 Vt., 525, 528.   It cannot be held that a refusal to consider less than half is an offer to accept one-half.   It is tantamount to

saying that a party will consider, think or reflect upon such an offer of one-half, if made. The words are appropriate to the invitation rather than to the proposal of an offer. We conclude this is the construction to be placed upon the telegram of Mrs. Warren. The following cases *Ashcroft* v. *Butterworth*, 136 Mass., 511, 513, 514; *Martin* v. *Northwestern Fuel Co.*, 22 Fed., 596, 599; *Stagg* v. *Compton*, 81 Ind., 171, 175; *Knight* v. *Cooley*, 34 Ia., 218, 221; *Patton* v. *Arney*, 95 Ia., 664; *Moulton* v. *Kushaw*, 59 Wis., 316, 48 Am. Rep., 516, 519, are illustrative.

We will say, although unnecessary, that this construction receives strong support from the situation of the parties. In the telegram last preceding that of June 24, 1916, from the attorney of Miss Sellers, it is said "Miss Sellers finally persuaded offer you both four thousand. This her best offer. If declined option withdrawn sale abandoned station to be relocated on Park Street." Such being the attitude of plaintiff's intestate, she could not reasonably expect the words of the telegram of Mrs. Warren to be a definite offer for that which was no longer open for negotiation. See Wald's Pol. Cont. (1906) 307, 308. (244, 245).

Judgment may be entered for the defendant.

*So ordered.*