(101 South. 116)

No. 24660.

## JONES v. JANES.

(June 28, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Contracts ☞16—Writing held to show no acceptance of contract and too vague to support action for breach.**

A writing held only an offer to cut and haul timber for defendant, without acceptance of offer, and too vague and indefinite to form the basis of an action for breach of contract.

**2. Contracts ☞16—Meeting of minds on ground of mutual understanding of subject-matter essential.**

A contract is incomplete unless there is a meeting of the minds of parties upon the common ground of mutual understanding of facts and of subject-matter. Offer and assent must coincide, and result must be a complete obligation.

**3. Contracts ☞15—Free mutual assent of parties essential.**

The free mutual assent of parties is necessary to constitute a contract.

**4. Contracts ☞9(1)—Nature and extent of obligations must be certain.**

It is essential to a contract that nature and extent of its obligations be certain.

**5. Contracts ☞16—Offer and acceptance must have characteristics of bargain.**

The offer and the acceptance must have the characteristics of a bargain, and must be conventional counterparts.

Appeal from Seventh Judicial District Court, Parish of West Carroll; John R. McIntosch, Judge.

Suit by Julius P. Jones against Frank Janes. From a judgment dismissing the suit, plaintiff appeals. Affirmed.

John M. Munholland, of Monroe, and R. V. Reeves, of Oak Grove, for appellant.

George Wesley Smith, of Rayville, and M. H. O'Connell, of Oak Grove, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit for damages resulting from an alleged breach of contract.

The defendant filed an exception of no right or cause of action, and, from a judgment maintaining the exception and dismissing the suit, plaintiff has appealed.

Defendant has answered the appeal, and prays that the judgment be affirmed.

[1] The contract sued upon was executed at Oak Grove, La., April 24, 1920, and is in words and figures as follows:

"The following agreement has this day been made between Frank Janes, on the one hand, and J. P. Jones on the other hand, viz.: Frank Janes has paid to said J. P. Jones the sum of $500.00, which the said Jones hereby agrees to pay back in the following manner:

"By hauling and doing other work for the said Frank Janes, it being understood that the said J. P. Jones will pay back to the said Frank Janes $200.00 of this money in this way during the first month following this date, and $200.00 more during the second month, and the remaining $100.00 during the third month from this date.

"The said J. P. Jones hereby agrees, in connection with this matter, to cut and haul and deliver at the mill for said Frank Janes the timber off the following land:

"All land known as the Hitt lands, owned by said Frank Janes, in sections 24, 23, 26 and 27, T. 21 N., R. 10 E., at twelve dollars ($12.00) per thousand feet; and he is also to cut and haul and deliver at the mill all the timber on the following land, viz.: Section 13, T. 21 N., R. 10 E., or that portion thereof owned by said Frank Janes, and being a portion of said Hitt lands, the cutting and hauling of this timber on this last mentioned section to be at the rate of $14.00 per thousand feet. The mill referred to is the mill owned or to be owned by said Frank Janes at or on Sec. 26, T. 21 N., R. 10 E."

There is error in the description of the land, but, as there is no dispute about the acreage or the quantity of merchantable timber thereon, the error of description will be ignored.

The plaintiff interprets his proposal in the agreement as an exclusive contract with him to cut, haul, and deliver all merchantable

timber on the 960 acres of land described in the contract.

The petition alleges that there were 3,076,000 feet of standing merchantable timber on the total acreage, from the cutting and hauling of which plaintiff would have made a profit of $23,296, if the contract had not been breached by the defendant. The suit is for this sum.

The interpretation of the contract is the question presented for our consideration.

The district judge maintained the exception and dismissed the suit for the following reasons:

"In the opinion of the court, the contract which is written into the pleadings of the plaintiff is too vague and indefinite in terms and conditions to form the basis of this action, inasmuch as many of the essentials to make this contract effective and executory would necessarily have to be supplied, and the court would be without authority to supply the contractual essentials."

[2] A contract is incomplete unless there be a meeting of the minds of the parties upon the common ground of a mutual understanding of facts and of subject-matter. Not only must the parties understand alike, but their contract must afford a complete expression of this meeting of minds, and leave no material element unexpressed. Offer and assent must coincide, and the result must be a complete obligation. Deshon v. Fosdick, 1 Woods, 286, Fed. Cas. No. 3,819; Knight v. Cooley, 34 Iowa, 218; Bailey v. Austrian, 19 Minn. 535.

[3] The free mutual assent of the parties is necessary to constitute a contract. Fire Ins. Ass'n v. Wickham, 141 U. S. 564, 12 Sup. Ct. 84, 35 L. Ed. 860; Kleinhans v. Jones, 68 Fed. 742, 15 C. C. A. 644, 37 U. S. App. 185; Clark v. Great Northern R. Co. (C. C.) 81 Fed. 282; Holtzman v. Millaudon, 18 La. Ann. 29.

If this assent is wanting on the part of one who signs a contract, his act has no more efficacy than if it had been done under duress or by a person of unsound mind. Girard v. St. Louis Car Wheel Co., 123 Mo. 358, 27 S. W. 648, 25 L. R. A. 514, 45 Am. St. Rep. 556.

[4] "It is essential to a contract that the nature and extent of its obligations be certain. If an agreement is uncertain it is because the offer was uncertain or ambiguous to begin with, for the acceptance is always required to be identical with the offer, or there is no meeting of minds and no agreement." Corpus Juris, vol. 13, § 59, p. 266; National Electric Signaling Co. v. Fessenden, 207 Fed. 915, 125 C. C. A. 363; Jones v. Vance Shoe Co., 115 Fed. 707, 53 C. C. A. 289; Miller v. Crusel, 135 La. 649, 65 South. 873; Peet v. Meyer, 42 La. Ann. 1034, 8 South. 534.

[5] "Every agreement, whether written or oral, is the result of, and springs from, an offer and the acceptance thereof. The offer and the acceptance must have the characteristics of a bargain and must be conventional counterparts." Cor. Jur. vol. 13, § 52, p. 266; Banning Co. v. California, 240 U. S. 142, 36 Sup. Ct. 338, 60 L. Ed. 569.

We are of the opinion that the district judge correctly found the document sued upon to be vague and indefinite. It contains an offer by plaintiff, but there is no suggestion of an acceptance of the offer by defendant. Acceptance of the offer is essentially necessary to give force and effect to the document as an executory contract.

Applying the legal principles quoted supra, we find that the petition does not disclose a cause of action, and the judgment appealed from is therefore affirmed at appellant's cost.