# 88

GEORGE J. PATRICK, Plaintiff, v. ANTOINETTE F. KLEINE, Defendant.

Supreme Court, Kings County, April 12, 1926.

**Vendor and purchaser — action by purchaser to compel specific performance of land contract — telegrams and letters do not show complete contract.**

In an action by a purchaser to compel the specific performance of an alleged land contract, the evidence does not establish a complete contract, since it appears that the purchaser wrote the vendor making inquiry as to the land in question; that the vendor answered stating the size of the lot and the price, and that " if you should be interested in this would be glad to hear from you; " that the purchaser then telegraphed " will accept your proposition of one thousand dollars for lot thirty-five in block seventy-nine aught six and will get contract and check to you within a day or so; " and that the purchaser on the day following sent to the vendor contracts and a check for $100 which were returned by the vendor with a statement that the lot had been sold.

The first letter by the vendor did not constitute an unqualified offer to sell the lot which became a contract upon acceptance.

ACTION to compel the specific performance of an alleged contract for the sale of land.

*Daniel McNamara*, for the plaintiff.

*William W. Butcher*, for the defendant.

HAGARTY, J. The contract, if any there be, is to be found in the letters and a telegram that passed between the parties. The defendant denies that a contract was made.

On December 15, 1925, the plaintiff wrote defendant, concerning a lot owned by her: " If you have not sold, I, of course, am the logical purchaser as it is worth more to me than anybody else * * *. I hope I shall have the pleasure of hearing from you shortly." On the sixteenth day of December defendant acknowledged plaintiff's letter, and wrote: " If you should be interested in this (my lot) would be glad to hear from you. Size of lot 20 x 100, price $1,000.00 (one thousand dollars)." Two days later plaintiff telegraphed defendant: " Will accept your proposition of one thousand dollars for lot thirty-five in block seventy-nine aught six and will get contract and check to you within a day or so." The next day the following letter was written the defendant by the plaintiff: " Enclosed you will find contracts in the usual form and also my check for $100 as an evidence of good faith, and will you please sign and return one copy to me so that the Title Company can institute search." On the twenty-third day of

December the defendant returned the contract and check and advised plaintiff that the lot had been sold.

The sole question for determination is whether defendant's letter of December sixteenth is an offer to sell to the plaintiff or an invitation to negotiate. The property is sufficiently described and the price fixed, but the statement that " if you should be interested in this would be glad to hear from you " is indicative of mental reservations, such, for instance, as that she would not agree to sell until she knew the purposes for which the property was to be used. The letter was not an unqualified offer to sell which became a contract upon acceptance. (*Blakeslee* v. *Nelson*, 212 App. Div. 219; *Harvey* v. *Facey*, L. R. [1893] A. C. 552, Privy Council; *Knight* v. *Cooley*, 34 Iowa, 218; *Blackstock* v. *Williams*, 5 West. Law Repr. 85; appeal dismissed, 6 id. 79.) While informal communications may constitute a contract even though they contemplate the execution of a formal agreement, plaintiff's telegram and his letter of December nineteenth indicate that, in plaintiff's mind, the negotiations did not constitute a contract or contain the terms of an agreement with the defendant. Judgment for defendant.