No. 932

First Circuit

———

BEMIS BROS. BAG CO., INC., v. FARMERS' SUPPLY CO., INC.

———

(March 8, 1932. Opinion and Decree.)

———

Medlenka, Bruner & Chambers, of Crowley, attorneys for plaintiff, appellant.

Nugier & Gordy, of Abbeville, attorneys for defendant, appellee.

ELLIOTT, J. Farmers' Supply Company, Inc., signed an order with Bemis Bag Company, Inc., for 30,000 burlap bags cut plain Bemis, "quality 40—80 oz at $109.50 per M. Time of shipment August—September—1930, F O B New Orleans." The order bears date October 2, 1929.

The plaintiff, alleging willingness and readiness to comply with the order on its part and refusal on the part of defendant, brought suit against the defendant and prays for judgment against it for $679.50, alleging loss on its part in said amount on said account.

Defendant denies that it is indebted to the plaintiff. It sets out in effect that, on or about October 2, 1929, one S. W. Brown, representing plaintiff, called at its place of business to sell respondent its bag requirements for the year 1930. That O. H. Deshotels, its representative, was busy at the time and had not had opportunity to ascertain the price of bags for future delivery.

That said Brown pressed upon its representative the purchase of 30,000 bags, upon the false and fraudulent assertion that his price of $109.50 per M was the best and lowest price at which bags could be bought or contracted for, and that unless its representative then signed an order, the price would advance in the next few days.

That its representative had no means or opportunity for knowing or detecting that the price quoted by said Brown and guaranteed by him to be the best and lowest price for bags for the ensuing year's delivery was a false and fraudulent representation, made so as to induce him to sign the order attached to plaintiff's petition, which order he signed and executed with the understanding and assurance that the price then quoted was the lowest and best price to be obtained on future deliveries of bags, and with the understanding and assertion that said order was conditional and subject to confirmation by Brown's principal and that a future contract would be drawn up and executed according to prevailing custom before respondent would be held, and in which specifications and terms for shipment would be set out at length.

That in the afternoon of the same day, October 2, 1929, respondent was called upon by the representative of another company, who quoted respondent a much lower price on future delivery of bags. That respondent, under date of October 3, 1929, wrote plaintiff that its prices were too high. That plaintiff, in keeping with the false assertion and artifices practiced upon respondent by said Brown, in its reply, in order to induce respondent to execute the contract and carry out said purchase, sought to induce respondent to believe that bags had risen in price from $109.50 to $111 per M, well knowing that said assertion was false and untrue.

The answer contains further averments along the same line, but the above is the gravamen of its complaint.

There was judgment rejecting plaintiff's demand, and the plaintiff has appealed.

Plaintiff's action is based on a written order signed by the defendant, which we find to be a sale for future delivery, complete in every way as intended. It concludes by saying: "This contract expresses the entire agreement between the parties

and any change hereafter must be in writing."

Defendant has the burden of establishing that it executed the contract with the understanding and assertion that it was conditional, subject to confirmation by defendant, and that a future contract would be drawn up and executed according to prevailing custom before defendant would be held.

The evidence does not establish defendant's averment on the subject, but shows, instead, that the representation made by plaintiff's agent, Brown, that the price stipulated in the order was low and would go up, was correct.

The manager of Chase Bag Company, a concern engaged in selling bags, testifies that on October 2, 1929, the date of the order in question, its price per M was $112.95.

It is shown by his testimony that prices, with some variation, continued to be above the price charged defendant and so continued for a week or more after the contract was signed, on one day standing at $113.75.

The manager of Fulton Bag Company, another concern engaged in selling bags, testified that on October 2, 1929, its prices were higher than that charged defendant and continued so for a week or more thereafter, on one day standing at $114.55.

These witnesses do not appear to have any interest in the present controversy and we accept their testimony as a refutation of defendant's claim on the subject of price. Defendant's manager testifies that a salesman of a company dealing in bags held out to him, the same day the order was signed, a price of $106 and $104.50. But no effort was made by the defendant to take the testimony of this salesman or the manager of the company he represent-ed. According to the record, defendant's charge of excessive price, at the time the order was signed, falls and is without support.

But prices did fall after the time mentioned. They declined until during the months of August and September, 1930, prices had dropped $22 per M or more, lower than that stipulated in the order in question.

Defendant contends that the contract signed was not completed, but was conditional and subject to confirmation on the part of the defendant before it would be bound.

In support of this contention, it shows that plaintiff, the next day after the contract was signed, wrote a letter to defendant stating that the sale made by its agent, Brown, was confirmed; inclosed the form of another agreement and asked plaintiff to sign same, to return the original and keep copy.

The document which plaintiff sent defendant in its letter of October 3d is contained in the record. It contains, after the words "August—September—" the following words, "In about equal portions monthly," not contained in the signed order. There is no important difference between this form and the agreement signed.

It has also the following words not in the signed order, "Sight draft bill of lading attached." The one signed is blank on the subject of terms; consequently this statement does not render it different, to an important extent, from the one signed.

Plaintiff's manager, asked to explain why this confirmatory form of agreement was sent to defendant, says:

"We always confirm a salesman's order by sending to the purchaser a confirmation of the order. However the signed order

obtained by the salesmen is the contract and the confirmation we send out is merely a matter of routine. As we do in all cases, we sent such a confirmation to the Farmers Supply Co., Inc."

It seems reasonable that the receipt of an order for delivery nearly a year ahead should be acknowledged so as to let the purchaser know that it had been received and would be carried out by the house which engaged to fill it.

The letters which the defendant wrote the plaintiff after receiving this confirmatory form, indicate that defendant looked on the contract of October 2, 1929, as complete and as needing no confirmation to make it binding on defendant. Letters of October 3 and 10, 1929, from defendant to plaintiff, amount to an admission that defendant had bound itself to take 30,000 bags from plaintiff. These two first letters complain of the price charged, and urge a reduction on the ground that its representative had later on the same day been offered bags for $106 and even at $104.50; but there is nothing said indicating that defendant did not consider the order binding. The request for a reduction is the only matter urged in these first letters. It was not until August 16, 1930, that defendant, reiterating its former complaint, urging in addition that plaintiff's agent had guaranteed that the prices charged were the lowest, etc., and stating reasons along the lines of his letters of October 3d and 10th, declares in a letter that it would not accept the shipment. We do not find any merit in defendant's contention. The agreement of October 2, 1929, was binding.

"Agreements legally entered into have the effect of laws on those who have formed them. They can not be revoked, unless by mutual consent of the parties, or for causes acknowledged by law. They must be performed with good faith." Civil Code, art. 1901.

Defendant contends that the case of Jones v. Janes, 156 La. 715, 101 So. 116, supports its contention. The court held in the case cited that the contract sued on in that case amounted to no more than an offer on the part of the plaintiff, which had not been accepted by defendant. In the case presently in hand the contract sued on is complete, and the offer of the plaintiff was accepted by the defendant.

The judgment of the lower court rejecting plaintiff's demand is contrary to the law and the evidence, and must therefore be reversed and judgment rendered in favor of the plaintiff.

We now turn to the amount which the plaintiff should recover. In the case Gallaspy v. Ingersoll & Co., 147 La. 102, page 110, 84 So. 510, 513, we quote fom the opinion of the court as follows:

"The measure of damage is the difference in the price of the goods sold according to contract and upon the last day upon which it could be delivered." Citing authorities.

This precedent will be followed in the present case.

The evidence shows that plaintiff suffered, by defendant's refusal to comply with its agreement, loss in the amount claimed in its petition.

For these reasons the judgment appealed from is annulled, avoided, and set aside, and it is now decreed that there be judgment in favor of the plaintiff, Bemis Bros. Bag Company, Inc., and against Farmers' Supply Company, Inc., for $679.50 with legal interest thereon from October 1, 1930, until paid.

Defendant and appellee to pay the costs in both courts.