## BULLIS et al. v. INTERSTATE NATURAL GAS CO.*

### No. 8103.

Circuit Court of Appeals, Fifth Circuit.
March 16, 1937.

G. P. Bullis, of Vidalia, La., for appellants.

Alden T. Shotwell, of Monroe, La., and Henry P. Dart, Jr., of New Orleans, La., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant Bullis filed his bill of complaint in the state court seeking specific

*Rehearing denied April 19, 1937.

performance of an alleged contract to furnish gas to the town of Vidalia, La., at reasonable rates. Thereafter, the suit was regularly removed to the District Court, where the bill was dismissed on the ground that the contract was between Bullis and appellee, and that there was no allegation of acceptance by the town of Vidalia of the provision made in its favor.

Thereupon the town intervened in the suit, alleging that it accepted the provision and desired to be furnished gas at reasonable rates, and prayed for specific performance of the provision. The bill, as thus supported and supplemented, was again dismissed as showing no right to equitable relief.

The bill alleges that, as a part of the consideration for the grant of a right of way for a pipe line through land of Bullis, appellee agreed to furnish gas, at the pipe line, to the town of Vidalia, or its assigns, "at wholesale rates or a reasonable price," if desired by the town of Vidalia, for a period of ten years or such less time as the line may be in use. Other provisions in the contract relate to the right of way conveyed and the estate, use, and interest to be enjoyed by appellee. The bill further alleges that Bullis has repeatedly put appellee in default by written demand and by filing suit. It nowhere alleges any act on the part of the town of Vidalia, making it a party to the contract, or accepting the terms and provisions thereof, or proceeding thereunder to obtain gas at reasonable rates. It does not even allege that the town of Vidalia desired such an arrangement. However, it does allege that appellee has furnished gas to the town of Vidalia since 1927, at rates far in excess of what the pleader concludes would be reasonable rates under the facts alleged.

The provision of the contract here involved is clearly one for the benefit of the incorporated town of Vidalia, and does not confer any right upon appellant Bullis which would support a decree in his favor for specific performance. Allen & Currey Manufacturing Co. v. Shreveport Waterworks Co., 113 La. 1091, 37 So. 980, 68 L.R.A. 650, 104 Am.St.Rep. 525, 2 Ann. Cas. 471. Acceptance of the benefits and conditions of the stipulation by the town was necessary to make it binding on the contracting parties. Louisiana Civil Code, art. 1890.

However, when the contract is considered as a whole, it appears that what

was contemplated by the parties was the making of a contract, or a series of contracts, by the town of Vidalia with appellee for the sale of gas at wholesale or reasonable rates. The benefit flowing to the town of Vidalia, as a third party beneficiary, was an option to accept or reject gas at the pipe line at reasonable or wholesale rates. The exercise of the option by accepting the gas would have been an acceptance of the contract by it. However, it must necessarily have been in the contemplation of the parties that this acceptance be the formation of a contract in which the rights, duties, and liabilities of both parties would be fixed. The question of the price to be paid would be one of the subjects of this contemplated contract. When so determined, the price named would be binding on both parties. Since the town has been buying gas from appellant since 1927, it appears that it has either exercised its option and stipulated for the rate to be paid therefor, or that it has rejected the provision in the contract in its favor, and made its own contract without regard thereto. In either event, it now has no right under the contract which can be specifically enforced. Mitchell v. Cooley, 5 Rob.(La.) 240. See, also, Jones v. Janes, 156 La. 715, 101 So. 116; Cold Blast Transportation Co. v. Kansas City Bolt & Nut Co. (C.C.A.) 114 F. 77, 57 L.R.A. 696; Northern Iowa Gas & Electric Co. v. Luverne (D.C.) 257 F. 818; Vick v. Henry Ford & Son (C.C.A.) 17 F.(2d) 919.

The decree of the District Court is affirmed.