SCHOTT, Judge.
Contractor’s suit for damages for owners’ breach of construction contract calling for the addition of a room to owners’ home was dismissed by the trial court and contractor has appealed.
The contract was signed by contractor and by Mr. and Mrs. Rojas as owners. It described in detail the work to be included with reference to a “sketch”, it provided for a price of $3441.00 and it contained provisions for minimum liquidated damages of 15% of the contract and attorney’s fees of 30% in favor of contractor in the event of default by owners. At the time the contract was signed, owners also signed an *755 application for bank financing of the contract price.
Following execution of the documents, contractor immediately submitted the financing application to a bank, got approval on the following day and arranged to commence performance of the work. About a week later he attempted to start but was prevented from doing so by owners. Despite three letters from him demanding that owners permit him to perform, he was prevented from doing so.
Mr. Rojas testified that “nowhere did I see contract on that piece of paper.” But this testimony is strange in view of the format of the document. The first word, in bold print, at the top of the instrument, reads “CONTRACT.” Furthermore, it contains the words, again in bold print: “This contract contains the entire agreement between the parties, there being no covenants, promises or agreements, written or oral, except as herein set forth.”
In testimony admitted over contractor’s objection, and apparently designed to prove fraud or error, owners testified that they were told that the document which they signed was not a binding contract but only an “estimate” to be used in connection with their application for bank financing of the work. Mr. Rojas further testified that he regarded Schnauder as a trusted friend and that Schnauder told him concerning the instrument that he (Schnauder) “needed this for the bank after we filled the application. He said he needed it, he would contact me within a few days and if I didn’t pick up the money, that was it, he would tear it up.” Rojas further testified that Schnauder “was supposed to come back with another sketch and, you know, so we could go ahead and see what we were going to do.”
We do not find in the testimony of Mr. Rojas anything to support owners’ theory of fraud or error sufficient to void the contract. At best the testimony supports the proposition that the contract was conditioned upon obtaining bank financing. Since the bank approved the loan shortly after he met with owners, this condition was met.
In any event, the trial judge did not decide the case on the basis of fraud or error but rather that there was no clear meeting of the minds between the parties. In written reasons he held that certain necessary elements were lacking, to wit, the contract refers to a “sketch” but none was filed or produced, no starting date was specified or an estimated date of completion and no plans or specifications formed part of the contract. In this Court owners point to these missing elements along with the facts that the contract did not specify the monthly installment of any loan and that it was not recorded or bond obtained pursuant to LSA-R.S. 9:4802. They rely on Jones v. Janes, 156 La. 715, 101 So. 116, for the proposition that there was no meeting of the minds because these material elements were unexpressed.
Regarding the sketch, Mrs. Rojas admitted under cross examination that there was such a sketch prepared by her, her husband and Schnauder when they met and signed the contract. There is no fatal deficiency in plaintiff’s case because this sketch was not produced at trial. The presence of such sketch would add nothing to this case. Furthermore, contractor was not required by law or the contract to produce plans and specifications so that their absence can hardly be considered significant. As to the starting date, when no time for performance of a contract is stipulated, a reasonable time is implied to be determined by the circumstances of the particular case. Guzzo v. Liggio, 224 La. 313, 69 So.2d 357. Richard v. Foods & Services, Inc., 162 So.2d 213 (La.App. 1st Cir. 1964), writ refused, 246 La. 347, 164 So.2d 351. All parties testified that contractor was not to begin the work until Mrs. Rojas returned from a short vacation. Contractor contacted her shortly after her *756 return and advised her that he was ready to begin the work whereupon he was prevented from doing so. On the completion date, the contract specifies a reasonable time which is adequate.
Finally, the owners contend that since the contract was not recorded and no bond was obtained in accordance with LSA-R.S. 9:4802, it is unenforceable. But the obvious intent of this statute is to provide workable and beneficial procedures to an owner for the implementation of liens accorded furnishers of labor and materials in a private works contract. Compliance with the statute is optional with an owner and is not a prerequisite for the confection of a valid contract. This follows from a consideration of LSA-R.S. 9:4812 which outlines the procedure available to furnish-ers of labor and materials in a private works contract where the provisions of 9:4802 are raised. Jimco, Inc. v. Gentilly Terrace Apartments, Inc., 230 So.2d 281 (La.App. 4th Cir. 1970), in which this Court held that “There is no statute in Louisiana making it mandatory that a private owner enter into a building contract, record it and furnish bond to construct an edifice.”
Therefore, we find that the contract in question was valid and enforceable and owners breached the contract by refusing to allow contractor to perform the work, entitling contractor to recover liquidated damages and attorney’s fees.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of plaintiff, John V. Schnauder, Jr. d/b/a Sherwood Construction Company, and against defendants, Pat Rojas, wife of/and A. J. Rojas, Sr., in the sum of $516.15 with legal interest from date of judicial demand until paid, together with 30% of said amounts as attorney’s fees, and for all costs, including costs of this appeal.
Reversed and rendered.