NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 06-955


KOL GARLAND

VERSUS

DEBRA GARLAND


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 198,771
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

AFFIRMED.

Jesse Phillip Terrell, Jr.
P.O. 3671
Pineville, La 71360
(318) 449-5656
Counsel for Plaintiff/Appellant:
Kol Garland

Lauren Gay Coleman
5615 D Jackson St. Ext. #B
Alexandria, LA 71303
(318) 449-9857
Counsel for Defendant/Appellee:
Debra Garland

**Gregory R. Aymond**
**P O Box 5503**
**Alexandria, LA 71307-5503**
**(318) 445-3618**
**Counsel for Plaintiff/Appellant:**
**Kol Garland**

**SAUNDERS, Judge.**

The instant litigation arises out of a document executed by the parties, Appellant, Kol Garland, and Appellee, Charlene Garland, titled, "This is the division of Personal Property and assets as agreed upon by Kol & Charlene." The document divided up various movable items belonging to the married couple under the heading of each party's name. The entire document was written in Appellee's hand, except a notation under Kol's column that read, "What's Left." Appellee left the matrimonial domicile the day after the execution of the document, and the parties divorced soon thereafter. Appellant later sought to have the document enforced as a valid, extrajudicial partition of community property.

After a trial on the issue of whether the agreement was valid and enforceable as an extrajudicial partition of community property, the trial court found that it was not enforceable. The court reasoned that there was no mutual intent on behalf of the parties for the contract to be a binding contract to divide the assets of the marriage. Accordingly, the trial court found in favor of Appellee, Charlene Garland, and dismissed the case. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Appellant, Kol Garland, and Appellee, Debra Charlene Guin Garland, were married on November 17, 1988. On January 24, 2000, Kol filed a petition for divorce under La.Civ.Code art. 103. Charlene had left the matrimonial domicile in early January and was living in Biloxi, Mississippi. At some point in early February, she contacted Kol and requested that he drive to Biloxi to pick her up. Kol then drove to Biloxi with Charlene's parents, and they returned to their home in Rapides Parish, with the intention of reconciling. On or about March 25, 2000, approximately six weeks after returning home, Charlene told Kol that she was confused and that she was

leaving again. However, it was late, and she decided that it would be best to wait until the following morning to return to Biloxi. That night, Kol suggested that they "by-pass the legal technicalities and lawyers and such", and they executed and signed a document titled, "This is the division of Personal Property & assets as agreed upon by Kol & Charlene." The document listed specific assets under the column heading of either "Kol" or "Charlene." Under Charlene's name, the following items were listed: Champion Investment account (total value), Corvette, personal belongings, computer, two TV's, one VCR, workout equipment (total gym, pilates, Bow Flex), three Thomas Kinkade paintings, Fenton glass, a large crystal vase, and CD player/system. Under Kol's name, the following items were listed: Grad Shop account (total value), pick-up, and "What's Left". The document was written entirely in Charlene's hand, excepting the notation that read, "What's Left" at the bottom of Kol's column. At trial, Kol testified that after Charlene completed the list of items she wanted, she offered him both the Grad Shop account and the pick-up truck and asked whether there was anything else he wished to have. He stated that it was then that he wrote, "what's left," in his column, and they both signed the document. However, Charlene testified at trial that she was certain that the notation was added after she signed the list. Charlene left the matrimonial domicile the next morning in her Corvette. She returned at a later time to pack up the items listed under her name.

Charlene filed an answer and reconventional demand on December 15, 2000, alleging that the parties had separated on March 28, 2000. A default judgment was obtained on the reconventional demand, and a judgment of divorce was signed on February 2, 2001.

On March 12, 2001, Kol filed a petition to partition community property, in

2

which he alleged that the parties had been unable to agree upon a partition of their community property. Along with the petition, he filed a detailed descriptive list of the same property listed on the document at issue. On May 8, 2003, he filed a revised detailed descriptive list. Kol subsequently filed a first amending petition on August 24, 2004, seeking a declaratory judgment, alleging that the parties had executed a valid extra-judicial partition of the former community of acquets and gains. On May 5, 2005, the parties filed a joint motion to bifurcate the declaratory judgment and set the matter for trial based on that issue alone. The motion was granted, and the trial on the merits took place on October 26, 2005. The trial court issued its oral reasons for judgment on January 9, 2006, finding in favor of Appellee, Charlene Garland. It found that "there was no mutual agreement for the above referenced document to be a binding contract to divide up the assets of the marriage," and therefore, the contract between the parties was unenforceable. Kol Garland now appeals.

**ASSIGNMENT OF ERROR**

The trial court committed manifest error in failing to enforce the extra-judicial community property partition agreement of the parties.

**STANDARD OF REVIEW**

A trial court's factual determinations are subject to the manifest error standard of review and may not be overturned unless they are found to be "manifestly erroneous" or "clearly wrong." *Rosell v. ESCO*, 549 So.2d 840 (La.1989). In applying the standard, the appellate court must determine not whether the trier of fact's conclusion was right or wrong, but that it was reasonable. *Stobart v. State*, 617 So.2d 880 (La.1993). Where there are two permissible views of the evidence, a factfinder's choice between them can never be manifestly erroneous. *Id*. Therefore,

3

"if the [factfinder's] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106, 1112 (La.1990).

**LAW AND ANALYSIS**

Appellant, Kol Garland, contends that under La.Civ.Code art. 2336, the parties are allowed to partition community property during the existence of a community property regime, and that the parties did so by executing and signing the agreement. Louisiana Civil Code Article 2336 provides, in pertinent part:

> During the existence of the community property regime, the spouses may, without court approval, voluntarily partition the community property in whole or in part. In such a case, the things that each spouse acquires are separate property. The partition is effective toward third persons when filed for registry in the manner provided by Article 2332.

Accordingly, Appellant argues that the agreement was a valid extra-judicial partition of community property and that trial court erred in failing to enforce the agreement as such. Appellee, Charlene Garland, asserts, however, that she and Appellant never entered into such an agreement or contract, as she never intended to effectuate a partition of the community property by creating and signing the list.

Louisiana Civil Code Article 1906 states, "A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." Louisiana Civil Code Article 2045 states that the "[i]nterpretation of a contract is the determination of the common intent of the parties." As stated in *Jones v. Janes*, 101 So. 116, 117(La.1924), "[a] contract is incomplete unless there be a meeting of the minds of the parties upon the common ground of a mutual understanding of facts and

4

of subject-matter." Appellee testified at trial that she did not, of her own volition, execute the document at issue, nor did she intend to enter into an interspousal contract to divide her community property. Rather, she made a list of the things she "wanted to make sure to get" at the direction of her husband, Appellant. She stated, " . . . I didn't think it was a, ah, total list. He just had me, you know, he lead me to believe we were jotting down things that I wanted to make sure that I got . . . ." She further stated that at the time of the execution of the document she was upset and "very confused." Moreover, Appellee testified that at the time of the execution of the document, she was still uncertain as to whether she and Appellant would reconcile.

Appellant argues that Appellee failed to meet the burden of proving her defense of error. He points out the fact that Appellee testified that she knew she had an agreement with him and that they were dividing the assets on the list. Additionally, he asserts that Appellee is a successful trader of stocks and is more than capable of understanding their agreement. Appellant further argues that Appellee's taking of possession of the items listed under her name is further proof of her understanding of the agreement. Therefore, Appellant claims there could have been no error as to the agreement between the parties. Appellee counters this argument, maintaining that she never intended the agreement to effectuate a final partition of the community property and pointing out that the descriptive list was not exhaustive and contained only the movable property owned by the parties. Moreover, when she returned to the matrimonial domicile to retrieve her belongings, she was allowed to take a number of things with her that were not originally listed on the agreement, such as pots and pans, Santa figurines, a ring, and a watch.

The trial court, after considering the testimony of the parties, held that the

document entitled "This is the division of the Personal Property & assets as agreed upon by Kol & Charlene" was not a binding contract between the parties to divide the assets of the marriage, as it found that there was no such mutual agreement for the document. Appellant testified that it was his intent to divide their community property through the agreement. Appellee testified that the agreement was not intended to be a final, extra-judicial partition. Her argument is buttressed by the petition to partition community property filed by Appellant, stating that the parties were unable to agree on a partition of their community property and requesting that the court partition said property. Considering this evidence, we do not find it unreasonable that the trial court held that their was no mutual agreement and no "meeting of the minds" between the parties in the instant case. Therefore, we do not find that the trial court was manifestly erroneous in failing to enforce the agreement between the parties as an extra-judicial partition of community property.

**CONCLUSION**

After our review of the record, we do not find that the document executed by the parties is an enforceable extra-judicial partition of community property, as there was no mutual agreement between them at the time of its execution. Accordingly, we affirm the decision of the trial court. Costs are assessed against Appellant, Kol Garland.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.