## WM. M. LINDSEY v. POLICE JURY OF THE PARISH OF POINT COUPEE.

When a contract stipulates no time within which it is to be performed, the party bound is entitled to a
reasonable time for its performance; to be determined by circumstances, and the nature of the thing
stipulated to be done; and besides, he must be put in default before an action in damages can be
maintained against him.

APPEAL from the Dist. Court of the Parish of Point Coupee, *McVea*, J.
*T. J. & W. H. Cooley*, for plaintiff and appellant. *A. Provosty* and
*John Yoist*, for defendant.

LAND, J. This suit is for the recovery of five thousand dollars dam-
ages, for an alleged breach of contract.

It is shown by the evidence that the Police Jury of the Parish of Point
Coupee, by resolution passed on the 20th of September, 1858, appointed
certain Commissioners, and authorized them to let out a contract for
building, at the expense of the parish, a levee on two certain lots of
land fronting on the Atchafalaya River, and belonging to plaintiff and two
other persons; but required the Commissioners, before letting the con-
tract, to receive an act of sale to the Parish, from the plaintiff and the
other proprietors, of the lots of land upon which the levee was ordered,
by the resolution, to be constructed. That the act of sale, or donation to
the Parish, was passed on the 26th of October, 1858; and the Commission-
ers proceeded to advertise, and to let out the contract in pursuance of the
resolution; that the contract was not let out, until the latter part of De-

LINDSEY
v.
POLICE JURY.

cember following, and the building of the levee was not commenced, until the 1st of January, 1859, when the *high waters* of the river arrested its progress, and prevented its completion at that time. And that the waters continued to rise, and in the spring of 1859 overflowed plaintiff's plantation, and caused him considerable damage.

On these facts, the plaintiff correctly contends that the resolution of the Police Jury, and the conveyance of the land in consideration of the construction of the levee, constituted a contract for the violation of which an action would lie against the Parish for the recovery of damages. The resolution, however, does not specify any given time within which the contract should be let out by the Commissioners, and the work should be commenced and completed under it. And when a contract stipulates no time, within which it is to be performed, the party bound is entitled, by law, to a reasonable time for its performance, to be determined by circumstances, and the nature of the thing stipulated to be done; and besides, he must be put *in default*, before an action in damages can be maintained against him.

In the case before us, there was no unreasonable delay on the part of the Commissioners in letting out the contract, and in causing the construction of the levee to be commenced by the contractor; for only two months and a few days elapsed between the date of the conveyance of the land, and the commencement of the construction of the levee. If it were otherwise, the plaintiff, who sues for a *passive breach of contract*, cannot recover, because he failed to put the Parish *in default*, which was a condition precedent to the institution of his suit for the recovery of damages. See Hennen's Digest, verbo Obligations, p. 1076, sec. 6.

It is therefore ordered, adjudged and decreed, that the judgment of the lower Court be affirmed, with costs in both courts.

VOORHIES, J., absent.