FOURNET, Chief Justice.
 

 The plaintiff, John M. Guzzo, is appealing from the judgment of the District Court dismissing his suit against the defendants, Mr. and Mrs. Joseph B. Guzzo (his brother and sister-in-law), for specific performance of a ■contract dated February 7, 1948, wherein ■defendants agreed to sell to the plaintiff an undivided half interest in a double cottage owned and occupied in part by them at 3319-21 Dumaine Street in New Orleans for the price of $2,700, consisting of a cash ■down payment of $1,275 and the assumption ■of outstanding first and second mortgage motes, with interest thereon, up to the balance of the purchase price ($1,425, plus accrued interest) — no time for performance being stipulated, and tender of performance having been made on August 3, 1951, but refused; in the alternative, plaintiff sought ■damages of $2,550.
 

 The trial judge, in a well considered •opinion, maintained the defendants in their ■contention that the parties had never intended to execute the contract; that it was ■confected solely as a device (necessitated by federal rent control regulations)- to evict the •tenant, thus permitting the defendants to ■occupy the tenant’s side and release to the plaintiff the other, larger side. He also found that this suit for specific performance was an afterthought on plaintiff’s part, to take advantage of the enhanced value of the property indicated by defendants’ agreement to sell to a third party for $8,800; that plaintiff was never able to perform and had never demanded performance until more than three years from the date of the agreement, the brothers having become estranged during the intervening period and plaintiff having moved to other quarterns.
 

 We think the trial judge’s conclusion is clearly supported by the evidence. A review of the record shows that the thought behind the agreement of February 7, 1948, was to lend substance to the recitation in the eviction suit brought by the defendants against their tenant, i. e., that the premises were “Wanted in good faith to give possession to a purchaser of one undivided half interest in the property, who is being evicted and desires immediate possession in good faith for personal occupancy as a dwelling for self and family.” This conclusion is fully warranted by the plaintiff’s admission that he was wholly unable to perform,, not only at the time of the confection of the document but at all times thereafter until May, 1951, when, having discovered that his brother had contracted to séll at a substantially higher price, he arranged to borrow the cash for the down payment and caused the agreement to be recorded in the Conveyance Office. In addition to that, it is established that in February, 1948, plaintiff
 
 *318
 
 was in need of a larger place.to live, because of an increase in his family-, and could not find one — and without securing ■ such an agreement, because of federal rent control regulations, the tenant then occupying the premises could not have been dispossessed so as to accommodate the plaintiff.
 

 In any event, when no time for performance of a contract is stipulated, a reasonable time is implied, to be determined by the circumstances of the particular case. See LSA-dTivil Code, Article 2050; Lindsey v. Police Jury of the Parish of Point Coupee, 16 La.Ann. 389; Bartley v. City of New Orleans, 30 La.Ann. 264; H. T. Cottam & Co. v. Moises, 149 La. 305, 88 So. 916. Moreover, the subject agreement, if serious, by its very terms necessarily implied that it was to be promptly consummated. Clearly, when the plaintiff sought to put defendants in default three and a half years later, the circumstances had been materially altered; the second mortgage loan had long since been paid in full by the defendants, and the first mortgage loan had been reduced by almost half, aside from interest and tax payments. Besides, all repairs to the property made during the interim had been made by and at the expense of the defendants.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 HAWTHORNE, J., absent.