296 So.2d 342 (1974)
Ignace PERRIN, Jr., and Nathan L. Carmadelle
v.
Mrs. Margaret HELLBACK and Jay A. Danos, Jr.
No. 6338.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1974.
Rehearing Denied July 3, 1974.
Writ Refused September 20, 1974.
*343 Greenberg, Cohen & Dallam, Nathan Greenberg, Gretna, for plaintiffs-appellants.
Arthur L. Ballin, Frank C. Dudenhefer, New Orleans, for defendants-appellees.
Before SAMUEL, STOULIG and SCHOTT, JJ.
STOULIG, Judge.
Plaintiffs, Ignace Perrin, Jr., and Nathan L. Carmadelle, have appealed a judgment dismissing their suit to cancel their assignment of a United States Corps of Engineers permit authorizing construction of a building over Lake Pontchartrain and a walkway connecting it to the shore. In a suit filed July 16, 1973, it is alleged defendants, Mrs. Margaret Hellback and Jay A. Danos, Jr.,[1] were obligated under the assignment to erect a certain building but they failed to begin construction, thus plaintiffs are entitled to cancel the contract. Plaintiffs further plead that under the terms of the permit, it will "cease and be null and void" if the structure is not completed on or about March 31, 1975.
In their answer defendants averred that they have been unable to secure the required building permits from the Parish authority due to insufficient parking space, a circumstance beyond their control or ability to remedy. At the time they applied, the governing authorities of the Parishes of Orleans and Jefferson were negotiating, but had not concluded, an agreement to provide public parking sites for this area. As a result, defendants were unable to commence construction of the building and their failure to do so cannot be construed as a breach of their contractual obligation to erect the prescribed structure within a reasonable time.
On the trial of the merits, the defendants adduced no proof either to support the averments of their answer or to rebut the uncontroverted testimony of plaintiffs to the effect that as of February 11, 1974, the trial date, defendants had still not begun construction.
The agreement specifies no time within which defendants must perform. The trial judge held that the expiration date of the Corps of Engineers permit, March 31, 1975, was the period of time contemplated by the agreement between the parties which the defendants had to complete the buildings and any action filed before this date seeking a cancellation of the agreement for nonperformance was premature.
We disagree. Nowhere in the agreement between the parties is the date March 31, 1975 mentioned, nor could said date have been within the contemplation of the parties since the agreement was signed on February 21, 1972 and the permit of the Engineers was not issued until 10 days later on March 2, 1972. Obviously the agreement was executed in anticipation of the issuance of the permit, and there is no evidence in the record that any of the parties were aware that the forfeiture date of March 31, 1975 would be inserted in the permit. Lacking this information, it could not form part of the contemplation of the parties when confecting the assignment agreement.
Plaintiffs assigned a valuable permit in consideration for the right to operate a lounge in the proposed building which defendants obligated themselves to construct. Under the judgment of the trial court, plaintiffs are denied the right to seek either specific performance of the agreement or its cancellation for nonperformance prior to the forfeiture date of the permit *344 itself, at which point in time it is too late since all rights under the permit are lost. Plaintiffs' right of redress would be restricted solely to seeking damages for the loss of future income, a very onerous burden.
It is self-evident from a reading of the instrument that there is no time, date, or period specified within which the defendants must complete the construction of the building.
LSA-C.C. art. 2050 and the jurisprudence interpretative thereof (Guzzo v. Liggio, 224 La. 313, 69 So.2d 357 (1953); Richard v. Foods and Services, Inc., 162 So.2d 213 (La.App. 1st Cir. 1964); Holmes Brick & Salvage Co. v. Reo Construction, Inc., 253 So.2d 562 (La. App. 1st Cir. [1971]), state that where no time for performance is specified,[2] the inference will be supplied that the parties intended the obligation to be undertaken within a reasonable time. What constitutes a reasonable time must be determined by the circumstances of each case.
In the case before us, we have no difficulty concluding that the defendants delayed performing for an unreasonable length of time. The permit granted three years for the completion of the building, and at the time of the trial almost two years had elapsed without any physical evidence of construction.
The defendants failed to offer any evidence in support of their unsuccessful efforts to obtain the necessary parochial building permit; to establish any unusual building foundation problems; or to show any extraordinary construction difficulties or other unique conditions, which would warrant the finding that their lack of performance was not unreasonable but due to extenuating circumstances beyond their control. In the absence of such proof it must be concluded there are no favorable factors which would militate against the conclusion that the inaction of the defendants over this prolonged period of time is unjustified, unreasonable, and contrary to the expressed objectives of the assignment. We so hold.
On appeal, for the first time, defendants urge that plaintiffs were required to procure the requisite building permits and in connection therewith quote the following provisions of the assignment:
"* * * [T]hat the building owner will do everything within her power to help and assist the lounge owners in obtaining the approval of all necessary governing authorities in connection with the application of the lounge owners."[3]
Defendants submit that they were unable to commence construction due to the failure of the plaintiffs to secure this approval. They also fault the plaintiffs for not proving what efforts were made toward obtaining these permits. Plaintiffs maintain that the approval of the governing authorities specified in the assignment referred to the Corps of Engineers permit and not parochial building permits.
We are of the opinion that plaintiffs' contention more accurately reflects the intention of the parties. It must be borne in mind that at the time the assignment was confected, the Engineers permit had not been granted. Since both parties would benefit from the granting of the Engineers permit, it is only logical that they would mutually assist each other in its procurement. Further, while the application was pending, the parties were not certain it would be granted nor were they aware of what terms it would impose if it were issued. The preamble of the assignment agreement acknowledges that the plaintiffs' application with the Corps of Engineers is pending and that the obligations imposed in the assignment are made subject "to the approval of the application *345 by the Department of the Army." Lastly, application for local building permits requires disclosure of construction details and other information usually within the knowledge of the contractor, who normally effects its procurement.
Having determined that the defendants' failure to commence construction of the building constitutes a breach of the assignment contract, it follows that plaintiffs should be afforded the opportunity to fulfill this obligation which is sacramental to the continued existence of a valuable permit.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered, adjudged and decreed that the Agreement of Assignment dated February 21, 1972, by plaintiffs, Ignace Perrin, Jr., and Nathan L. Carmadelle, to Mrs. Margaret Hellback is declared null and void and that the inscription of said contract in MOB 583, Folio 348, Entry No. 549891 is ordered cancelled and erased from the mortgage records of Jefferson Parish. Defendants are to pay all costs of these proceedings.
Reversed and rendered.
NOTES
[1] Mrs. Hellback is the assignee named in the document and Danos is alleged to have an interest in the construction by virtue of an agreement between the co-defendants not contained in this record.
[2] During the course of the trial, the defendants relied solely on the assignment contract. However, counsel for the defendants did acknowledge to the court that "the agreement does not contain one word about when construction should begin, or when construction should be completed thereafter."
[3] The building owner is identified in the agreement as defendant Margaret Hellback and the lounge owners are the plaintiffs.