CUTRER, Judge.
This appeal emanates from Earl Par-quette’s suit against Arceneaux Music Center, Inc. (Arceneaux Music) for the amount due on a loan made to defendant by plaintiff. The trial court rendered judgment in favor of plaintiff and against the defendant for the sum of $12,500.00 plus interest at the rate of eighteen percent. Defendant appeals. We affirm.
Defendant is a corporation in the business of selling musical instruments and related equipment. The defendant is composed of three stockholders who are also its officers and board members. Plaintiff owns 420 shares of defendant’s stock, was the vice-president and a board member, and was employed by defendant in a sales capacity. Jack Arceneaux owns 490 shares of defendant’s stock, is president and a board member, and is employed as defendant’s manager. Finally, Julian Mouton owns 510 shares of defendant’s stock, is secretary-treasurer and a board member.
The corporation had a history of liquidity (available cash) problems. This history contributed to the events which led to this suit. Faced with a seasonal demand (early fall) for its merchandise, defendant found it necessary to purchase its inventory in late summer. In the summer of 1980; the defendant did not have the necessary cash on hand to make such a purchase. After considering various alternatives the three stockholders decided to secure personal loans from American Bank and Trust Company, Lafayette, Louisiana (American Bank) and to put those funds into the defendant corporation.
A dispute arose as to the characterization of the money plaintiff put into the defend *363 ant. Plaintiff maintained in the trial court that he. loaned the money to defendant with the understanding that defendant would pursue a Small Business Association (SBA) loan and his loan was to be paid within 120 days. The defendant contended that the funds each stockholder put into it were capital contributions and were not subject to repayment. The trial court held that the money that plaintiff placed into defendant corporation was a loan. The trial court further held that the time for the repayment of the loan had not been agreed upon; therefore, the loan was to be repaid within a reasonable time. The trial court concluded that a reasonable time (six months) had expired without payment and rendered judgment against defendant.
The issues on appeal are:
(1) Whether the trial court correctly found the sums transferred to defendant ($12,500.00) was a loan and not a capital contribution; and
(2) If the court finds that the trial court correctly found the money was a loan, whether the trial court correctly found that payment of same was due at the time suit was filed.
LOAN OR CAPITAL CONTRIBUTION
We have reviewed the record and conclude that the trial judge correctly determined that this was a loan to defendant by the plaintiff. Jack Arceneaux, president and general manager of defendant, admitted on cross examination that he considered the funds placed into the defendant as a loan. A few months after the loan was made to the defendant, Arceneaux reclassified the sums as capital contributions to enhance his financial statement. The trial judge, in his reasons for judgment, reasoned as follows, which properly disposed of this issue:

“The Court finds no support in law or fact for the argument that Mr. Parquette made a capital contribution. The testimony of Parquette and his witnesses was clear; at the time of the transaction all parties contemplated that it was a loan to be repaid with interest. The concept of a capital contribution appears to have occurred only after defendant’s accountant advised such an accounting procedure to improve defendant’s financial statement. Defendant has totally failed to show that Parquette ever acquiesced to a change in the status of his loan.”

Having determined that this was a loan by the plaintiff we now turn to the remaining issue.
WAS PAYMENT OF THE LOAN DUE WHEN SUIT WAS FILED?
The defendant contends on appeal that the loan was not to be repaid until other financing was obtained by defendant and, since such financing (SBA loan, or a loan from a lending institution) had not been obtained by the time plaintiff made his demand, the trial judge erred in holding that the repayment of the loan was due within a “reasonable time.”
The loan by plaintiff was made to defendant on October 30, 1980. Plaintiff had borrowed the $12,500.00 from a bank which note was due in 120 days. At the expiration of the 120 days, the defendant, through its president, Arceneaux, paid the interest due on the bank loan and plaintiff’s bank note was renewed for another 120 days. The second time the bank note came due, Arceneaux refused to pay the interest owed by plaintiff to the bank. The plaintiff paid the interest on his bank note and converted it to an installment note.
The plaintiff testified that shortly after he made the loan to defendant, Arceneaux obtained the power of attorney from one of the other stockholders, affording him a seventy percent voting stock to that of plaintiffs thirty percent. Following this, the business relationship between plaintiff and Arceneaux began to deteriorate. Plaintiff stated that he questioned some of the practices of Arceneaux in the management of the defendant. Arceneaux locked the corporate records in a filing cabinet and denied plaintiff any access to them. These events occurred in January and February 1981. Plaintiff resigned from his job with defendant in March 1981.
*364 Arceneaux, the general manager and president of the defendant, admitted that the sums transferred to the corporation by plaintiff and the other two stockholders were loans to the defendant. He identified the deposit slips in evidence reflecting the deposit of these sums and a notation on each that the amount deposited was a loan to the corporation by the respective stockholders including plaintiff. He stated that the loans were to be repaid when the corporation obtained financing from a lending institution or from the Small Business Association. He stated that no time limit had been discussed. He admitted that no SBA application for a loan had been filed and also that no financing had been obtained from any lending institution by the time suit was filed in April 1980.
We point out these circumstances which reflect that it was intended by the parties that the loan would be paid within a reasonable time. The trial court was correct in ruling that a reasonable time (six months) had expired by the time suit was filed. The trial court cited LSA-C.C. art. 2050 as a basis for its ruling. This article provides as follows:
“When no term is fixed by the parties for the performance of the obligation, it may be executed immediately, unless, from the nature of the act, a term, either certain or uncertain, must be applied [implied]. Thus, an obligation to pay money, without any stipulation for time, may be enforced at the will of the obligee.”
This article has been interpreted in the case of Perrin v. Hellback, 296 So.2d 342, 344 (La.App. 4th Cir.1974), writ den., 300 So.2d 184 (La.1974), as follows:
“LSA-C.C. art. 2050 and the jurisprudence interpretative thereof (Guzzo v. Liggio, 224 La. SIS, 69 So.2d 357 (1953); Richard v. Foods and Services, Inc., 162 So.2d 213 (La.App. 1st Cir.1964); Holmes Brick & Salvage Co. v. Reo Construction, Inc., 253 So.2d 562 (La.App. 1st Cir. [1971]), state that where no time for performance is specified, * * * the inference will be supplied that the parties intended the obligation to be undertaken within a reasonable time. What constitutes a reasonable time must be determined by the circumstances of each case.” (Footnote omitted.)
We find that the trial court committed no manifest error in concluding that the defendant failed to perform its obligation within a reasonable time and payment of the loan to plaintiff was due when the suit was filed.
For these reasons the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendant-appellant.
AFFIRMED.