Arthur LOEWER

v.

**TEXAS GAS TRANSMISSION COMPANY.**

Civ. A. No. 80–0861 "L".

United States District Court,
W.D. Louisiana,
Lafayette-Opelousas Division.

Dec. 11, 1984.

Christoper Edwards, Crowley, La., for plaintiff.

Burt Sperry, George Ware, Monroe, La., for defendant.

MEMORANDUM RULING

DUHE, District Judge.

Plaintiff, Arthur Loewer, has brought this action against defendant, Texas Gas Transmission Corporation ("Texas"), alleging breach of a contract executed over twenty-eight years ago. Texas now moves that this Court render a summary judgment in its favor on the ground, among others, that the plaintiff's claim is barred by the ten year liberative prescription of Louisiana Civil Code Article 3499.

On May 25, 1956, W.T. Turner, the District Superintendent of the Texas land-lease department, executed a letter to the plaintiff that obligated Texas to "install one gas tap on its proposed Eunice-Lake Palourde 20-inch gas transmission pipeline" on the property of the plaintiff. This was in consideration for the plaintiff's granting a pipeline right-of-way across his property pursuant to which Texas constructed the pipeline in 1956 or 1957. However, the tap was never installed on the pipeline.

Plaintiff commenced this suit on May 20, 1980, in state court, whereupon it was removed to this Court. The question presently before this Court is whether the plaintiff's claim has been extinguished by the liberative prescription of ten years.

Assuming that the letter of Texas to plaintiff dated May 25, 1956, constitutes an otherwise valid contract for purposes of Louisiana law, (which is not decided) it did not by its terms specify a term for Texas' performance. Of course, the absence of a stipulated term for performance does not preclude the perfection of a valid obli-

**2**

gation. *Caston v. Woman's Hospital Foundation, Inc.*, 262 So.2d 62 (La.App. 1st Cir.1972).

The firmly established rule of the jurisprudence of this state is that when no term for performance has been stipulated, the inference will be supplied that the parties intended the obligation to be undertaken within a reasonable time. What constitutes reasonable time must be determined by the circumstances of each case. *Perrin v. Hellback,* 296 So.2d 342 (La.App. 4th Cir.1974). La.C.C.Art. 2050.

■ Louisiana Civil Code Article 3499 provides that "unless otherwise provided by legislation, a personal action is subjection to the liberative prescription of ten years." Article 3447 provides that "Liberative prescription is a mode of barring actions as a result of inaction for a period of time." Liberative prescription commences from the date of an obligor's breach of his obligation. In the facts at bar, Texas breached its obligation (assuming there was valid obligation) when it failed to install a tap within a reasonable time.

■ Without determining with specificity in the facts at bar what would have constituted a reasonable time period for the defendant to install the tap, this Court concludes that a reasonable time for performance had certainly elapsed before May 19, 1970, almost fourteen years later. Since the defendant's breach occurred sometime prior to May 19, 1970, ten years liberative prescription accrued, at the very latest, on May 19, 1980. This action, having been brought on May 20, 1980, is thus barred by prescription. Accordingly, this Court grants the defendant's motion. It is so ordered.