JOAN BERNARD ARMSTRONG, Chief Judge.
LThe plaintiff, Annie Sobel Greenblatt, appeals from the trial court’s judgment granting exceptions of prescription and insufficiency of service of process filed on behalf of the defendants, Lakeidra S. Payne and the plaintiffs former husband, Michael D. Greenblatt. The defendants seek sanctions, alleging that the appeal is frivolous. For the reasons that follow, we affirm.
This matter arises from Petitions filed by Ms. Greenblatt on November 19, 2003 and December 23, 2003, in which she claims she was defamed by comments contained in a letter allegedly prepared by Mr. Greenblatt and signed on September 23, 1999 by Ms. Payne, a personal care attendant for the Greenblatts’ disabled daughter, Emily. Ms. Greenblatt further alleges that Mr. Greenblatt’s attorney gave this letter to the judge presiding over Emily’s interdiction proceedings in the 24th Judicial District Court in Jefferson Parish, during an informal status conference held in April 2000. According to Ms. Green-blatt’s Original and Supplemental Petitions, she attended this conference, but was not represented by counsel. She claims in her Petition that she asked to see the letter, but allegedly was denied the right to inspect the letter. There is no allegation that Ms. Greenblatt sought redress in the Jefferson Parish Court or by way of application for 12supervisory review to the Louisiana Court of Appeal, Fifth Circuit, to obtain the opportunity to see the contents of the letter. According to the Petition, the letter was not entered into evidence, nor was it made a part of the record. Ms. Greenblatt alleges in her Petitions that the letter’s contents were the basis for the Jefferson Parish court’s having found her to be unfit and for the termination of her visitation rights. Ms. Greenblatt alleges that she was not allowed to inspect the letter until she was granted standing to appear in the Jefferson court proceedings, made a formal discovery request, and threatened to move to compel discovery of the letter and for sanctions. Following the success of her discovery request, she was allowed to inspect the letter in July 2003, four months before she filed her original suit and five months before she filed her Supplemental Petition.
In their exceptions of prescription, the defendants maintained that Ms. Green-blatt’s Petition was prescribed on its face, arguing that paragraphs 4, 8, 10 and 17 admit that Ms. Greenblatt was present and aware when the allegedly libelous letter that gave rise to her damages was published to the Jefferson Parish judge at the April 2000 conference. Accordingly, because more than one year elapsed between the date of the conference and the date on which Ms. Greenblatt filed the initial Petition, the defendants contend that her action is prescribed pursuant to La.C.C. art. 3492.
The defendants also requested sanctions against Ms. Greenblatt and her attorney under La.C.C.P. art. 863, arguing that the Petitions were so ungrounded in fact or *195 law that their only purpose was to harass the defendants.
In opposition to the exception of prescription, Ms. Greenblatt relied on the doctrine of contra non valentem agere nulla currit praescriptio to suspend the running of prescription during the period in which the action was not known or ^reasonable knowable to the plaintiff. Landry v. Blaise, Inc., 2002-0822 (La.App. 4 Cir. 10/23/02), 829 So.2d 661. Ms. Greenblatt alleges that she was prevented from learning the contents of the allegedly libelous statement and the identity of the person who made the statement until she was granted standing on May 5, 2003 to proceed with her action to seek Mr. Green-blatt’s removal as Emily’s curator. Not until then could she go forward with the discovery that led to the production of the letter. Therefore, she argues, her complaint was brought within a year of the time that she learned of the contents of the letter.
Contra non valentem embraces four possible scenarios: (1) where there is a legal cause preventing courts or their officers from taking cognizance of or acting on the plaintiffs action; (2) when there is a condition coupled with the contract, if any, or connected with the proceeding that prevents the credit from suing or acting; (3) when the debtor or obligor did some act that effectually prevented the creditor or obligee from availing himself of his cause of action; and (4) when the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. See, Hendrick v. ABC Ins. Co., 00-2403, p. 10 (La.5/15/01), 787 So.2d 283, 290.
As applied to the instant case, it appears that Ms. Greenblatt’s claim of contra non valentem proceeds from the following facts she alleges in her Petitions:
“Petitioner was refused the right to inspect the letter until July, 2000.” (Paragraph 6 of the Original Petition)— an example of the third scenario;
“Petitioner was refused the right to inspect the letter at this informal conference, though she specifically asked to see it.” (Paragraph 6 of the Supplemental Petition) — an example of the third scenario;
“This inspection only came about as a result of petitioner retaining undersigned counsel, who initiated Informal discovery. This inspection was further hindered until undersigned counsel threatened to file a motion to compel with sanctions. This document was never entered into evidence, nor ever made part of the record.” (Paragraph 7 of the Supplemental Petition) — an example of the third and possibly the second scenarios.
Ms. Greenblatt does not allege any facts indicating the reason for the passage of time between April of 2000, when she learned of the adverse nature of the letter, and July 2003 when her discovery request was granted by Mr. Greenblatt’s counsel.
At the hearing in Civil District Court on the exceptions and request for sanctions, Ms. Greenblatt asked to call witnesses whom she had subpoenaed and who were present in court to testify. The trial court denied that request, but Ms. Greenblatt did not proffer their testimony or provide a synopsis of the facts to which the alleged witnesses would testify. Following oral argument, the trial court maintained the exceptions of prescription and insufficiency of service of process and denied the request for sanctions.
In written reasons for judgment, the trial court found that the allegations of Ms. Greenblatt’s Petitions established that Ms. Greenblatt “was present and aware of the ‘publication’ of the alleged libel in April *196 2000. At the point where the statement was made, plaintiff had knowledge of her damage.” The Petition was prescribed, according to the reasons for judgment, “because plaintiff admits at paragraph 4 of her Petition that she was present when the alleged libelous statements were made by her former husband Michael Greenblatt. She also admits in paragraph 7 that she was present at the April 2000 meeting when the alleged libelous statement was made.”
Paragraph 4 of the Original Petition alleges:
| BDuring an April, 2000 informal conference in the matter entitled “Interdiction of Emily Greenblatt,” Docket No. 538-686, Division “B” of the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, this libel was provided to Judge Wicker by Mr. Green-blatt, by delivering same to his attorney to turned it over to the judge.”
Paragraph 4 of the Supplemental Petition is identical in content, but adds the name of Mr. Greenblatt’s Attorney, David Prados, Esq., to the last phrase of the paragraph.
Paragraph 7 of the Original Petition alleges:
At this April 2000, (sic) meeting Mr. Greenblatt was present and represented by counsel, David Prados, Esq. Petitioner was unrepresented by counsel.
Paragraph 7 of the Supplemental Petition alleges:
This inspection only came about as a result of petitioner (sic) retaining undersigned counsel, who initiated formal discovery. This inspection was further hindered until undersigned counsel threatened to file a motion to compel with sanctions. This document was never entered into evidence, nor ever made part of the record.[1]
It is clear from the plain language of the Original and Supplemental Petitions that the allegations contained in their respective Paragraphs 4 and 7, admit that Ms. Greenblatt learned that the letter contained information adverse to her interest at the time of the informal conference in the 24th Judicial District Court in Jefferson Parish. There is no indication that she took advantage of her opportunity to seek to learn the exact contents through the Jefferson Parish district court or by writ application to the Louisiana Court of Appeal Fifth Circuit. There is nothing to indicate that the defendants prevented Ms. Greenblatt from pursuing the issue | ^within the framework of the interdiction proceedings. Furthermore, there is no factual basis alleged to excuse the over three-year delay between the time Ms. Greenblatt knew of the adverse letter and the time she proceeded formally to obtain a copy of the letter. Clearly, she had the right in April of 2000 to file the instant suit, and to obtain a copy of the letter by use of discovery procedures. She knew in April of 2000 that the material contained in the letter was adverse to her interest, and she has not alleged any impediment existing from April 2000 to June of 2003 that would have prevented her from filing suit to recover her damages. Clearly, the publication occurred in April of 2000 and her damage occurred shortly after the informal conference when the trial court in Jefferson Parish rendered its adverse judgment in the interdiction proceedings.
Ms. Greenblatt contends that the trial court erred in granting the defen *197 dants’ exception of prescription without having allowed her the opportunity to introduce the testimony of witness whom she had subpoenaed and who were present at the hearing. Legal error occurs when the trial court applies incorrect principles, and is prejudicial when the error materially affects the outcome and deprives the party of substantial rights. Nolan v. Roofing Supply, Inc., 36,403, p. 13 (La.App. 2 Cir. 11/26/02), 833 So.2d 1026,1033-34. In that case, the court found reversible error in the trial court’s refusal to permit the parties to introduce evidence at the hearing on an exception of prescription. The Court noted that La.C.C.P. art. 931 provides that evidence may be introduced to support or to controvert the exception of prescription pleaded prior to trial. Nolan at p. 13, 833 So.2d at 1033.
Because the issue of prescription had been raised, and because prescription was evident on the face of the Petition, Ms. Greenblatt had the burden of proving that her claim had not prescribed. See, Landry v. Blaise, Inc., supra. However, Hgiven the fact that the allegations of the petition show clearly that the matter had prescribed, and there was no allegation that any of the four possible contra non valentem scenarios were present, Ms. Greenblatt’s subpoenaed witnesses could not prove suspension of the apparent prescription.
In light of our disposition of the foregoing assignment of error, the remaining argument concerning insufficiency of service of process is moot.
Although we have affirmed the trial court’s judgment, we find no basis for an award of sanctions for frivolous appeal.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TOBIAS, J., concurs and assigns reasons.

. Since this paragraph does not relate to the April 2000 conference, we infer that the trial court’s reasons for judgment addressed the allegations contained in paragraph 7 of the Original petition, and not those contained in paragraph 7 of the Supplemental petition.