EDITH H. JONES, Circuit Judge, dissenting:
I respectfully dissent from the majority's conclusion upholding the contra non valentem exception to prescription for this sophisticated medical services company that was fully represented by counsel from virtually the moment it reviewed the Cantrell letter. This is not an issue on which deference to the jury verdict is required. The facts are plain and undisputed. Encompass and its counsel were on more than "inquiry notice" from the terms of the letter-they had actual knowledge of the alleged false and defamatory statements in that letter. Encompass's counsel explained the company's position succinctly in closing argument. According to him, the letter contained three "false statements": Encompass was not "eligible to participate" in the Blue Cross networks; facility fees charged by Encompass "are not covered" even when billed by the network physician; and Encompass had to be state-licensed to be "eligible" for reimbursement.
Encompass sued BlueCross BlueShield of Louisiana ("BCBSLA") not long thereafter, following its related suit against Texas Blue Cross, on a theory of breach of contract arising from this letter and *284 BCBSLA's failure to pay Encompass for its services on behalf of insureds. Encompass knew from the outset it was "eligible," and it knew there was no "state license" requirement. As for the third falsehood, it knew quite enough, that BCBSLA was not reimbursing it for in-office surgical assistance because of the claimed scope of insurance coverage. Whether coverage denial was because of the policy language or internal company policies, or both, or neither, is precisely the kind of nuance a lawyer should investigate. But it took Encompass three years after filing suit to add this intimately related claim for falsehood and defamation.
"Louisiana courts have held in regard to contra non valentem that a cause of action becomes reasonably knowable to a plaintiff at the time legal counsel is sought." Derrick v. Yamaha Power Sports of New Orleans , 850 So.2d 829, 833 (La. Ct. App. 2003). Moreover, a defendant's refusal to provide a document that a plaintiff believes to contain information adverse to his interests does not excuse the plaintiff's lack of diligence in obtaining the document. Rozas v. Dep't Health & Human Res. , 522 So.2d 1195, 1197 (La. Ct. App. 1988). See also Greenblatt v. Payne , 929 So.2d 193, 195 (La. Ct. App. 2006) ("[Plaintiff] does not allege any facts indicating the reason for the passage of time between April of 2000, when she learned of the adverse nature of the letter, and July 2003 when her discovery request was granted by [Defendant's] counsel."); Safford v. PaineWebber, Inc. , 730 F.Supp. 15, 17 (E.D. La. 1990) ("[P]rescription in this case commenced to run when plaintiff received notice that documents had been filed by defendant.").
Importantly, misleading conduct by a defendant does not lift the burden of diligence from a sophisticated plaintiff who knows or reasonably should know that further inquiry would reveal a cause of action. Marin v. Exxon Mobil Corp. , 48 So.3d 234, 252 (La. 2010). Add to this the insurer's refusal to respond to three telephoned requests by Encompass for an explanation of coverage denial. Such stonewalling should have heightened Encompass's and its lawyers' diligence rather than provide an excuse for non-discovery of a new claim.
Although my colleagues have diligently reviewed Louisiana law on contra non valentem, I respectfully disagree with their application of those cases to these facts. I would reverse the judgment for extracontractual and punitive damages.