NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-618

STATE OF LOUISIANA, DIVISION
OF ADMINISTRATION, OFFICE OF COMMUNITY
DEVELOPMENT-DISASTER RECOVERY UNIT

VERSUS

ORSON BILLINGS A/K/A ORSON RAY
BILLINGS A/K/A ORSON R. BILLINGS

**********

APPEAL FROM THE
THIRTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF CAMERON, NO. 10-20271
HONORABLE PENELOPE Q. RICHARD, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and D. Kent Savoie, Judges.

AFFIRMED.

**Jennifer A. Jones**
**Jones Law Firm**
**Post Office Box 1550**
**128 Smith Circle**
**Cameron, LA 70631**
**(337) 775-5714**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**Orson Billings**

**Mary Catherine Cali**
**John C. Walsh**
**William J. Wilson**
**John C. Conine, Jr.**
**Shows, Cali & Walsh, LLP**
**P.O. Drawer 4425**
**628 St. Louis Street**
**Baton Rouge, LA 70821**
**(225) 346-1461**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
**State of Louisiana, Division of Administration, Office of**
**Community Development – Disaster Recovery Unit**

**SAUNDERS, Judge.**

The issue presented in this case is whether the trial court was correct in sustaining Defendant/Appellee's Peremptory Exception of Prescription filed in response to Plaintiff/Appellant's Petition for Breach of Contract

**FACTS AND PROCEDURAL HISTORY:**

The present action is a suit instituted by Plaintiff/Appellant, State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unit (OCD-DRU) against Defendant/Appellee, Orson Ray Billings (Mr. Billings) for breach of contract seeking a judgment against Mr. Billings in the full sum of $30,000 in Elevation Incentive Proceeds as stipulated damages, with legal interest from the date of judicial demand until paid, together with reasonable attorney's fees and for all costs of these proceedings.

The Petition of OCD-DRU set forth that in consideration of his receipt of $30,000 in Elevation Incentive Proceeds under the Road Home Program for Hurricane Katrina and Hurricane Rita Victims, Mr. Billings entered into The Road Home Program Grant Elevation Incentive Agreement – for Use with Prior Road Home Grant ("Elevation Incentive Agreement") related to 105 Billings Lane, Cameron, Louisiana, 70631 (hereinafter known as "the property").

The Petition of OCD-DRU also asserted that by executing the Elevation Incentive Agreement, Mr. Billings agreed that within three (3) years of the date of his Elevation Incentive Agreement, the home on the property would be at or above advisory base flood elevations published by FEMA and failure to demonstrate the necessary elevation would give OCD-DRU the right to recover the Elevation Incentive Proceeds that he received.

The Petition of OCD-DRU also provided that despite repeated amicable demand, Mr. Billings failed to submit the required documentation to establish

compliance with his Elevation Incentive Agreement. Further, despite repeated amicable demand, Mr. Billings has not repaid or established a method to repay the elevation incentive proceeds.

In response to OCD-DRU's Petition, Mr. Billings filed a Peremptory Exception of Prescription wherein he concedes that he was "in breach of the Elevation Incentive Agreement from the very date of signing the contract, November 11, 2008" due to the fact that his home was not lower than the elevation required under the Agreement. Mr. Billings argues that this suit, involving a contract, filed against him on April 10, 2019, more than ten (10) years after the breach on November 11, 2008, has prescribed.

OCD-DRU filed an opposition to these exceptions, asserting that Mr. Billings had not met his burden of proof showing that OCD-DRU's claim had prescribed, and alternatively, the doctrine of *Contra Non Valentem* applied to suspend the running of prescription, because: a) Mr. Billings prevented OCD-DRU from knowing that the home on the property had previously been elevated and that he had no intent to elevate the home on the property, and even went so far as to acknowledge the complete opposite by executing the Elevation Incentive Agreement as written; and b) OCD-DRU did not know or reasonably could not have known that Mr. Billings' home was previously elevated and/or that he did not intend to fulfill his obligations set forth in the Elevation Incentive Agreement as written.

On July 8, 2019, at the hearing on Mr. Billings' exception, both Mr. Billings and OCD-DRU made oral argument. However, Mr. Billings also included testimony over the objection of OCD-DRU, despite not having provided advance notice to the court or to counsel that any witnesses would be testifying at the hearing. Thereafter, the trial court sustained the exception.

2

OCD-DRU timely filed a motion for devolutive appeal. Pursuant to that motion, OCD-DRU is presently before this court alleging five assignments of error.

## ASSIGNMENTS OF ERROR

1. The Trial Court abused its discretion by allowing Mr. Billings to present oral testimony during the hearing, over the objection of OCD-DRU, where no notice of testimony was provided as required by the Uniform Rules for District Courts Rule 9.8, and where the Trial Court considered and relied upon such testimony in its decision.

2. The Trial Court manifestly erred in finding that prescription was not interrupted or suspended under the doctrine of *Contra Non Valentem.*

3. The Trial Court manifestly erred in finding that Mr. Billings' conduct did not prevent OCD-DRU from availing itself of its cause of action.

4. The Trial Court manifestly erred in finding that OCD-DRU knew or reasonably could have known of Mr. Billings' breach prior to October 4, 2011.

5. The Trial Court manifestly erred in basing its finding upon Mr. Billings' credibility.

## ASSIGNMENT OF ERROR NUMBER ONE:

In its first assignment of error, OCD-DRU contends that the trial court abused its great discretion in allowing the live testimony of Mr. Billings and Kara Bonsall (Ms. Bonsall), Certified Floodplain Manager for the Cameron Parish Police Jury, at the hearing on the exception filed by Mr. Billings. We disagree.

The trial court has great discretion in directing the manner in which proceedings are conducted, and only upon a showing of a gross abuse of that discretion will the appellate court intervene. *Succession of Houston*, 52,181 (La.App. 2 Cir. 8/15/18), 253 So.3d 836, *writ denied*, 19-0458 (La. 5/20/19), 271 So.3d 1274, *cert denied*, 140 S.Ct. 387 (2019).

OCD-DRU argues that it was error for the trial judge to allow Mr. Billings and Ms. Bonsall to testify at the hearing over its objection. OCD-DRU asserts Mr. Billings failure to provide advance notice of the testimony as required by the

La.Dist.Ct.R. 9.8 prevented it from providing contradictory testimony, thus, justice was not done.

Mr. Billings counters that OCD-DRU was made aware of the testimony in advance of the hearing in his Exception of Prescription and Memorandum in Support thereof. The exception was filed more than thirty days prior to the hearing.

Louisiana District Court Rule 9.8(a) provides, in pertinent part, "[t]o assist the court in scheduling the hearing, the exception or motion, and any opposition thereto, shall state: . . . (2) whether testimony will be offered at the hearing." Official comment (a) to Rule 9.8 makes it clear that the provisions of the Code of Civil Procedure take precedence over the District Court Rules. Louisiana Code of Civil Procedure Article 931 provides that if the peremptory exception of prescription is "pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition" itself (as in an exception of no cause of action).

In the concurring opinion of *Greenblatt v. Payne*, 05-0290 (La.App. 4 Cir. 3/22/06), 929 So.2d 193, the fourth circuit held that "Unless stipulated by the parties to the suit that the matter will be tried on affidavits or stipulations of facts, a person has a right to have live witnesses testify at the trial of an exception of prescription."

At the hearing on the exception, both parties concurred that a contract was indeed formed between the parties. Mr. Billings testified that his home was ***already*** at the required elevation when he received the Elevation Incentive grant. He maintained in his testimony that he informed the Road Home Program representative of this fact "dozens" of times, and was informed by the representative that he was still eligible to receive the grant and could spend the money however he chose. Mr. Billings' testimony was corroborated by exhibits admitted into evidence. Likewise, Ms. Bonsall corroborated Mr. Billings' testimony that his home was ***already*** at the

4

required elevation when he received the Elevation Incentive grant. Ms. Bonsall also testified that she was not sure if the Road Home Program representative inquired on the Billings' property. OCD-DRU did not provide any testimony to contradict or refute Mr. Billings' interactions with the Road Home Program representative.

The purpose of La.Dist.Ct.R. 9.8 is to assist the trial court in scheduling matters. In this case, OCD-DRU had advance notice of the testimony to be presented by Mr. Billings in his Exception of Prescription and Memorandum in Support thereof. Thus, the witnesses' testimony came as no surprise to OCD-DRU. As such, we find no abuse of discretion by the trial court in allowing these witnesses to testify at the hearing on the exception. Accordingly, we affirm the trial court's ruling on this issue.

**ASSIGNMENTS OF ERROR NUMBERS TWO, THREE, FOUR, AND FIVE:**

In its second assignment of error, OCD-DRU contends that the trial court erred in finding that prescription was not interrupted or suspended under the Doctrine of *Contra Non Valentem*. In its third assignment of error, OCD-DRU contends that the trial court erred in finding that Mr. Billings' conduct did not prevent OCD-DRU from availing itself of its cause of action. In its fourth assignment of error, OCD-DRU contends that the trial court erred in finding that OCD-DRU knew or reasonably could have known of Mr. Billings' breach prior to October 4, 2011. In its fifth assignment of error, OCD-DRU contends that the trial court manifestly erred in basing its finding upon Mr. Billings' credibility. We disagree. We address under one heading these assignments of error, as the standard of review is the same and all four seek reversal of Mr. Billings' Exception of Prescription.

The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *State v. Thompson*, 16-0409,

5

(La.App. 4 Cir. 11/23/16), 204 So.3d 1019. "When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review." *Miralda v. Gonzalez*, 14–0888, p. 17, 160 So.3d 998, 1009.

Mr. Billings concedes that he breached the Elevation Incentive Agreement from the date he signed it on November 11, 2008 " due to the fact that his home was not lower than the elevation required under the Agreement."  In support of his argument, Mr. Billings cites La.Civ.Code art. 3499 which provides "Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Mr. Billings asserts that a cause of action for breach of contract arises, and prescription begins to run, from the date the contract is breached. *Deshotels v. Fruge*, 364 So.2d 258 (La.App. 3 Cir. 1978), *writ denied*, 367 So.2d 388 (La.1979).  Mr. Billings argues that this suit, involving a contract, filed on April 10, 2019, more than ten (10) years after the breach on November 11, 2008, has prescribed.

OCD-DRU seeks reversal of Mr. Billings' Exception of Prescription under the Doctrine of *Contra Non Valentem*.  OCD-DRU argues that *Contra Non Valentem* is a viable exception to the running of liberative prescription in Louisiana.  *Harvey v. Dixie Graphics, Inc*., 593 So.2d 351 (La.1992); *Cartwright v. Chrysler Corp*., 232 So.2d 285 (La.1970); *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261.

In *In re* Evans, 05-94, pp. 4-5 (La.App. 3 Cir. 6/8/05), 906 So.2d 683, 686, this court noted that our Louisiana jurisprudence has recognized four instances in which *Contra Non Valentem* can be applied to prevent the running of prescription, specifically as follows:

(1) where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings which prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonable knowable by the plaintiff, even though this ignorance is not induced by the defendant.

Of the four jurisprudentially recognized categories of *Contra Non Valentem*, OCD-DRU argues that only two are applicable, to-wit: categories three and four. Category three provides for interruption or suspension of prescription when the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action. Category four provides for interruption or suspension of prescription where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant.

OCD-DRU seeks reversal of the exception of prescription by contending that the third category of *Contra NonVvalentem* is applicable to interrupt or suspend prescription because Mr. Billings fraudulently received funds to which he was not entitled and thereafter prevented OCD-DRU from availing itself of its cause of action. In support of this argument, OCD-DRU cites to *Johnson Controls, Inc. v. Lynch*, 633 So.2d 212, 216 (La.App. 1 Cir. 1993) (citations omitted), which provides, in pertinent part:

> To trigger the doctrine of *contra non valentem*, the action by the debtor or the defendant must be more than a simple or inadvertent misstatement, especially when the creditor or plaintiff had other reasonable methods of discovering the necessary information and his ignorance was caused by his own neglect. The use of *contra non valentem*, based on the factual situation envisioned by the third category, requires a finding of fraudulent or intentional concealment or misrepresentation. The burden of proving suspension of prescription under the doctrine of *contra non valentem* is on the creditor or plaintiff.

OCD-DRU also seeks reversal of the exception of prescription by contending that the fourth category of *Contra Non Valentem* is also applicable to interrupt or

7

suspend prescription. OCD-DRU argues that because Mr. Billings executed the Elevation Incentive Agreement, it was reasonable for OCD-DRU to assume that Mr. Billings' home was not elevated to the requirements specified in the Agreement. OCD-DRU further contends that it did not have actual knowledge of Mr. Billings' breach until October 4, 2011, when it received the Road Home Compliance and Monitoring Form completed by Mr. Billings. In support of its argument, OCD-DRU cites to *Cartwright v. Chrysler Corp*., 255 La. 597, 232 So.2d 285, 287 (1970) (footnote omitted), wherein the Louisiana Supreme Court defined constructive knowledge as:

> "[w]hatever is notice enough to excite attention and put the owner on his guard and call for inquiry is tantamount to knowledge or notice of every thing to which inquiry may lead and such information or knowledge as ought to reasonably put the owner on inquiry is sufficient to start the running of prescription."

Louisiana Civil Code Article 3499 provides that "unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." Louisiana Civil Code article 3447 provides that "[l]iberative prescription is a mode of barring actions as a result of inaction for a period of time." "Liberative prescription commences to run from the date of an obligor's breach of his obligation." *Loewer v. Texas Gas Transmission Co*., 615 F. Supp. 1,2 (W.D. La. 1984). "Generally, a ruling on prescription turns on the credibility of the parties as to when the respondents knew or should have known about the existence of the claim." *Bergeron v. Pan Am. Assurance. Co*., 98-2421, p. 8 (La.App. 4 Cir. 4/7/99), 731 So.2d 1037, 1041 (citing *In re Medical Review Panel for Claim of Dede*, 98-0830, p.2 (La.App. 4 Cir. 5/20/98), 713 So.2d 794, 796).

The record reveals that the parties entered into an Elevation Incentive Agreement on November 11, 2008, in paragraph 4(a) which states, in pertinent:

8

> By accepting to the Elevation Incentive, I assert that when the home was damaged by Hurricane Katrina or Rita, its elevation was lower than the elevation required under this Agreement.

Mr. Billings testified that when he signed the Elevation Incentive Agreement on November 11, 2008, he had no intention of elevating his home, which was *already* elevated to the guidelines on that date, and since the home was built in 1983. Mr. Billings testified that he informed the Road Home representative of this fact "dozens" of times. OCD-DRU did not provide any testimony to contradict or refute Mr. Billings' testimony. It is evident from Mr. Billings' testimony that he had no intention to defraud, or intentionally conceal, or misrepresent that his home was *already* above the evaluation requirement when he received the funds. Further, Mr. Billings did nothing to prevent OCD-DRU from discovering the necessary information. Had OCD-DRU requested an elevation certificate from either the Cameron Parish Police Jury or Mr. Billings, or had it inspected the property, it would have confirmed that Mr. Billings' home was *already* above the elevation requirements Mr. Billings also testified that he presented the certification of his compliance to the Road Home representative, which is reasonable enough notice. Ms. Bonsall testified that those same representatives would call to inquire readily accessible information regarding elevation of residential homes. The trial court correctly noted "the crux of OCD-DRU's suit is hedged on the breach of contract involving funds." It is undisputed that Mr. Billings signed the Agreement on November 11, 2008. It is also undisputed that OCD-DRU filed suit against Mr. Billings on April 10, 2019, approximately ten (10) years and 5 months after the breach of November 11, 2008. Thus, we cannot say that the trial court was clearly wrong in finding that Mr. Billings breached the Agreement when he signed it; that OCD-DRU had actual knowledge of the breach at that time; and that Mr. Billings did nothing to prevent OCD-DRU from pursuing its claim against him in a timely

manner.  As such, we agree with the trial court's ruling that neither categories three nor four of *Contra Non Valentem* are applicable to interrupt or suspend prescription, and that OCD-DRU's claim has prescribed. Accordingly, we affirm the trial court's ruling on these issues.

## CONCLUSION:

The State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unit asserts five assignments of error as to why the trial court erred in granting Orson Ray Billings' Exception of Prescription.  We find no merit to any of these assignments of error. Accordingly, we affirm the trial court's ruling on these issues.

Costs of these proceedings are assessed to the State of Louisiana, Division of Administration, Office of Community Development – Disaster Recovery Unit.

**AFFIRMED.**